**STATE of Indiana, Appellant–Plaintiff Below,**

v.

**Benjamin HOUSER & Franco Santarronama, Appellees–Defendants Below.**

**No. 64A03–9302–CR–57.**

Court of Appeals of Indiana, Third District.

Oct. 27, 1993.

Rehearing Denied Jan. 10, 1994.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant-plaintiff.

Steven L. Langer, Valparaiso, for Benjamin Houser.

John Peters, Portage, for Franco Santarronama.

STATON, Judge.

The State appeals the decision of the trial court dismissing the two-count informations for conspiracy to commit theft, a class D felony,[1] and aiding in a theft, a class D felony,[2] filed against Benjamin Houser and Franco Santarronama (hereinafter collectively referred to as "Defendants"). We are presented with the sole issue of whether the trial court erred in granting Defendants' motions to dismiss.

---

**1.** IND.CODE 35–41–5–2 (1988); IND.CODE 35–43–4–2 (1988).

**2.** IND.CODE 35–41–2–4 (1988); IC 35–43–4–2.

We reverse and remand.

Both offenses with which Defendants were charged require that the elements of theft be present. The offense of theft, provided in IC 35–43–4–2(a), states as follows: "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

The charging informations filed against Defendants stated as follows:

COUNT I
[CONSPIRACY TO COMMIT THEFT, CLASS D FELONY]

.... [Defendants] did ... conspire ... to commit the crime of theft, to wit: [Defendants] agreed to submit false equipment rental invoices totalling $25,000.00 in the name of Pyro Industrial Services, Inc. to Correct Maintenance Corporation [("CMC")] and that they did, in fact, submit false equipment rental invoices each in the amount of $5,000.00 for the following five (5) periods: week of November 4, 1991; week of November 11, 1991; week of November 18, 1991; week of November 25, 1991; and the week of December 2, 1991....

COUNT II
[AIDING IN A THEFT, CLASS D FELONY]

.... [Defendants] did ... knowingly and intentionally aid Pyro Industrial Services, Inc. and/or [each other] in the exertion of unauthorized control over the property of [CMC], to-wit: creating or confirming the impression of officers and employees of [CMC] that false equipment invoices submitted by Pyro Industrial Services, Inc. totaling $25,000.00 were valid and that the same should be paid....

Houser's Record, pp. 11–12.

In filing their motions to dismiss, Defendants alleged there was a total lack of evidence of the material element of "unauthorized control", which is required under both offenses. The trial court conducted an evidentiary hearing on these motions during which Lex Venditti, the Chief Operating Officer and President of CMC, testified on behalf of Defendants. Specifically, Venditti testified that he authorized the $25,000.00 payment to Pyro Industrial Services, Inc. and that he was ultimately responsible for payment of invoices or claims against CMC. The State did not present any evidence. Thereafter, the trial court dismissed the charges because the State failed to offer any evidence of unauthorized control at the hearing.

■ The State argues the trial court erred in dismissing the charges because whether Defendants exerted unauthorized control over the $25,000.00 is a question of fact to be decided at trial. We agree. Generally, the sufficiency of an information is tested by taking the facts alleged therein as true. *State v. King* (1987), Ind. App., 502 N.E.2d 1366, 1368. "The purpose of the information is to allege facts sufficient in law to support a conviction, and to sufficiently charge the crimes so that a defendant may prepare a defense and be protected against double jeopardy in the future." *Id.* at 1370. Here, the charging informations clearly alleged sufficient facts to constitute the offenses charged therein. "Motions to dismiss, before trial, directed to the sufficiency of the evidence, are improper." *State v. Nesius* (1990), Ind.App., 548 N.E.2d 1201, 1205.

Defendants attempt to distinguish the above principles by asserting that this case involves a total absence of evidence, rather than an insufficiency of evidence. We conclude that, for purposes of a pretrial motion to dismiss, no such distinction exists. The trial court erred in granting Defendants' motions to dismiss.

Reversed and remanded for further proceedings consistent with this opinion.

GARRARD, J., concurs in result.

CONOVER, J., concurs.