STATE of Indiana, Appellant–Plaintiff,

v.

Tony R. ISAACS, Appellee–Defendant.

No. 21A01–0305–CR–178.

Court of Appeals of Indiana.

Sept. 3, 2003.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

BARNES, Judge.

### Case Summary

The State of Indiana appeals the trial court's dismissal of an information against Tony Isaacs charging him with two counts of operating a vehicle while intoxicated and one count of operating a vehicle with a schedule I or II controlled substance in his body. We affirm in part, reverse in part, and remand.

### Issue

The dispositive issue for our review is whether the trial court erred in granting Isaacs' motion to dismiss the information.

### Facts

The State alleges that on November 7, 2001, Isaacs lost control of a dump truck, ran off the road, and struck a utility pole. Isaacs was employed by the Fayette County Highway Department and was operating the truck during the course of his employment. Earlier that morning, Isaacs

struck a mailbox that was located near the reported accident. While completing an incident report, responding officer Sergeant Billy Wayson noticed that Isaacs' hands were shaky, that his manual dexterity was "off," and that he was unsteady on his feet. App. p. 8. When Sergeant Wayson asked Isaacs if he had taken any medication, Isaacs stated that he had taken Soma and two Vicodin that day. Isaacs consented to a blood test, which revealed the presence of Benzodiazepines, Diazepam, and Nordiazepam in his body.

Isaacs was charged with Count I, operating a vehicle while intoxicated ("OWI") as a Class A misdemeanor; Count II, operating a vehicle with a controlled substance in his body, a Class C misdemeanor; and Count III, operating a vehicle while intoxicated as a Class D felony. On April 9, 2002, Isaacs filed a motion to dismiss the charges. After conducting an evidentiary hearing, the trial court granted Isaacs' motion to dismiss in its entirety.

### Analysis

On appeal, the reviewing court will review a trial court's grant of a motion to dismiss an information for an abuse of discretion. *Johnson v. State*, 774 N.E.2d 1012, 1014 (Ind.Ct.App.2002). In reviewing a trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* We find that the trial court did abuse its discretion when it granted Isaacs' motion to dismiss the OWI charges, but not in dismissing the charge of operating with a controlled substance in his body.

We note that Isaacs has failed to file an appellee's brief. When an appellee fails to submit a brief, we need not undertake the burden of developing an argument for the appellee. *Park Jefferson Apartments v. Storage Rentals*, 738 N.E.2d 685, 688 (Ind.Ct.App.2000).

Indiana courts apply a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Id.* Hence, we may reverse the trial court if an appellant establishes prima facie error. *Id.*

As a general rule, the sufficiency of an information is tested by this court by taking the facts alleged in the information as true. *State v. Houser*, 622 N.E.2d 987, 988 (Ind.Ct.App.1993), *trans. denied.* "The purpose of the information is to allege facts sufficient in law to support a conviction and to sufficiently charge the crimes so that a defendant may prepare a defense and be protected against double jeopardy in the future." *Id.*

The purpose of Indiana Code Section 35–34–1–8, which governs the dismissal of charging informations, is to establish facts that determine whether, as a matter of law, an offense has properly been charged against the defendant. *State v. King*, 502 N.E.2d 1366, 1369 (Ind.Ct.App.1987). Facts permitted to be raised under Section 35–34–1–8 typically concern only pre-trial matters. *Id.* at 1370. Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss. *Id.* However, an information may be dismissed if the facts stated in the information do not constitute an offense. Ind.Code § 35–34–1–4(a)(5).

Issacs moved to dismiss the information for the stated reason that he had a valid prescription for the controlled substances found in his body, namely, Diazepam and Nordiazepam. The existence of a valid prescription for a controlled substance is a defense to operating with a controlled substance in one's body. I.C. § 9–30–5–1(d). However, whether one has a statutory defense to the charges in an information goes beyond the issues that

may be decided by a motion to dismiss and instead is a matter appropriately decided at trial. *King,* 502 N.E.2d at 1370. Isaacs was not entitled to dismissal of the charging information on the basis that he purportedly had a valid factual defense to the charges.

Nevertheless, we cannot ignore the fact that Count II of the charging information, alleging Issacs operated a vehicle with a schedule I or II controlled substance in his body, is facially deficient and fails to state a crime. That count stated:

> TONY R. ISSACS, on or about November 7, 2001, at the County of Fayette in the State of Indiana, was a person who operated a vehicle with a controlled substance listed in schedule I or II of I.C. 35–48–2, or its metabolite, to-wit: Benzodiazepines, Diazepam or Nordiazepam [in] Defendant's body, all of which is contrary to the form of the statute in such cases made and provided, to-wit: Indiana Code 9–30–5–1, and against the peace and dignity of the State of Indiana.

App. p. 5. Diazepam and Nordiazepam, however, are schedule *IV* controlled substances, not schedule I or II controlled substances. I.C. § 35–48–2–10(c). As for Benzodiazepine, it is not listed as a separate controlled substance; we judicially note that it is the parent compound for synthesizing Diazepam and other related drugs. *See* Stedman's Medical Dictionary 198 (26th ed.1995). Indiana Code Section 9–30–5–1(c) only criminalizes the operation of a vehicle while one has a schedule I or II controlled substance in one's body. Operating a vehicle with a schedule III, IV, or V controlled substance in one's body is not a crime per se. Because the facts recited in Count II of the information fail to state a crime, the trial court did not err in dismissing that count. *See* I.C. §§ 35–34–1–4(a)(5) and 35–34–1–8(d)(1).

■ The State has established prima facie error in the dismissal of Count I of the information, which alleged that Issacs operated a motor vehicle while intoxicated in violation of Indiana Code Section 9–30–5–2. "Intoxicated" is defined as operating under the influence of *any* controlled substance as defined by statute "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." I.C. § 9–13–2–86. "Controlled substance" in Section 9–13–2–86 is not limited to schedule I or II controlled substances. The facts recited in Count I of the information clearly state a crime; the category of controlled substance that causes intoxication is not a pertinent consideration under Section 9–30–5–2 so long as intoxication in fact exists.[1] Count III of the information, which alleges OWI as a Class D felony because Isaacs had another OWI conviction within the previous five years, is also facially valid. The trial court abused its discretion in dismissing Counts I and III of the information.

**Conclusion**

The trial court did not err in dismissing Count II of the information because it fails to allege the commission of a crime. The trial court, however, did abuse its discretion in dismissing Counts I and III of the

---

1. Additionally, the defense of having a valid prescription for a controlled substance only applies to a charge of operating a vehicle with a controlled substance in one's body; it does not apply to a charge of operating while intoxicated. *Compare* I.C. § 9–30–5–1(d) *with* I.C. § 9–30–5–2. Although we reiterate that it was improper to consider Isaacs' valid prescription defense through a motion to dismiss the information, we also note that this defense is inapplicable to Counts I and III of the information upon which Isaacs may now stand trial.

information, and we reverse and remand with instructions that those counts be reinstated.

Affirmed in part, reversed in part, and remanded.

DARDEN, J., and MAY, J., concur.