**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

v.

**DON FUIMAONO, Defendant.**

High Court of American Samoa
Trial Division

CR No. 38-03

April 21, 2004

Before KRUSE, Chief Justice, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Jeremy M. Kirkland, Assistant Attorney General
For Defendant, Deanna S.F. Sanitoa

## ORDER ON MOTIONS FOR BILL OF
## PARTICULARS AND DISMISSAL

Defendant Don Fuimaono ("Fuimaono") is charged with Felony Stealing in violation of A.S.C.A. § 46.4103 and with Deceptive Business Practices in violation of A.S.C.A. § 46.4120(a)(5). Fuimaono now moves for a bill of particulars and also moves to dismiss the charges against him. For the following reasons, Fuimaono's motions are denied.

## I. Bill of Particulars

■ On February 26, 2004, Fuimaono moved for a bill of particulars. Defendant did not cite to any legal authority in his motion. According to T.C.R.Cr.P. 7(f),

> Bill of Particulars. The court may direct the filing of a bill of particulars. A motion for a bill of the filing of a bill of particulars. *A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit.* A bill of particulars may be amended at any time subject to such conditions as justice requires.

(emphasis supplied). As an initial matter, Fuimaono was arraigned on November 3, 2003. He did not move for a bill of particulars before or within ten days of his arraignment but, rather, waited until nearly four months after his arraignment to move for a bill of particulars. In his motion, he did not seek leave to file a motion for a bill of particulars or ask the court's permission to deviate from Rule 7(f)'s time requirement. We could refuse to entertain the motion on this basis. However, we will address the merits of his motion.[1]

Fuimaono specifically requests "the details and particulars of Counts One and Two, such as times, dates, places, actions, transactions, correspondence, statements, etc. with Defendant as alleged." (Def.'s Mot. at 1.) His attorney states that the bill of particulars is "necessary to enable Defendant to adequately prepare for trial" and "to avoid surprise at trial, and to insure a trial on the merits." (*Id.* at 2.)

 We have said before,

> [s]o long as the defendant has enough information to adequately prepare for his defense, to avoid surprise at trial and to protect against [sic] him against a second prosecution for an inadequately described offense, a bill of particulars is not required.

*American Samoa Gov't v. Meleisea,* 24 A.S.R.2d 32, 34 (Trial Div. 1993) (citations omitted); *see also American Samoa Gov't v. Wilson,* 24 A.S.R.2d 26, 29 (Trial Div. 1993) (same). Moreover, "[d]efendants are not entitled to know the specific dates, times, places, and persons present at particular events." *U.S. v. Dumeisi,* No. 03 CR 664-1 (N.D. Ill. Nov. 20, 2003) (order denying motion for bill of particulars) (citations omitted, alteration in original); *see also Meleisea,* 24 A.S.R.2d at 34 (noting "[b]ills of particulars are not to be used as a discovery tool by the defendant") (citations omitted).

A number of exhibits were presented by the government at Fuimaono's preliminary exam. We believe that the Information, along with the other

---

[1] We also note that although the government responded to Fuimaono's motion to dismiss, it failed to file a written response to this motion.

information already made known to Fuimaono by the government, adequately informs Fuimaono of the charges against him. Accordingly, Fuimaono's motion for a bill of particulars is denied.

## II. Motion to Dismiss

Fuimaono brings his motion to dismiss claiming: (1) the complaint fails to state a claim; (2) this matter is a contractual dispute, not a criminal matter; (3) his actions do not fall within the statutes; and (4) he is being selectively prosecuted.

### A. Failure to State a Claim

■ Fuimaono seeks dismissal of the Information because he claims it fails to state the "'essential facts' constituting the offense charged." (Def.'s Mot. to Dismiss at 1.)

> That a criminal charge is couched in the language of the statute, is not, of itself, grounds for the dismissal of an information. It is settled law that an information using only statutory language is quite permissible as long as the statute sets forth fully, directly and expressly, without any uncertainty or ambiguity, . . . all the elements necessary to constitute the offence intended to be punished.

*American Samoa Gov't v. Afamasaga*, 17 A.S.R.2d 145, 149-50 (Trial Div. 1990) (citations omitted, alteration in original). As presented in his motion, Fuimaono is only challenging the lack of "essential facts" and is complaining that the charges merely track the statutes. (Def.'s Mot. to Dismiss at 1.) The Information is sufficient in this regard. Thus, as presented, Fuimaono's motion to dismiss the charges for a failure to include "essential facts" is denied.[2]

### B. Contract v. Crime; Actions Within Statute

In support of his second and third reasons for the dismissal of the charges against him, Fuimaono essentially argues that the underlying

---

[2] However, we note that Count I of the Information does not comply with the District Court's November 1, 2003 Order Binding Defendant to Answer in the High Court for *felony* stealing. Although not argued by defense counsel in Defendant's Motion to Dismiss, Count I of the Information only charges Fuimaono with *misdemeanor* stealing and fails to charge any of the statutory elements under A.S.C.A. § 46.4103(b) that would elevate Count I to a felony. Unless an appropriate motion, addressing this apparent discrepancy, is filed within ten days of the entry of this order, this case may be transferred to the District Court. *See* A.S.C.A. § 46.0602.

facts do not demonstrate violations of the law. (Def.'s Mot. to Dismiss at 1-2.) The government responds by arguing that these factual issues should be resolved at trial. (Pl.'s Resp. at 2-3.) We agree with the government.

■■■■ "Motions to dismiss, before trial, directed to the sufficiency of the evidence, are improper." *State v. Houser*, 622 N.E.2d 987, 988 (Ind. Ct. App. 1994) (citations omitted). Indeed, "the purpose of a motion to dismiss is to test the sufficiency of the information or indictment. It is not a device for summary trial of the evidence, and facts not appearing on the face of the information cannot be considered." *State v. Davenport*, 536 N.W.2d 686, 689 (N.D. 1995) (citations omitted). In determining a motion to dismiss under Rule 12, "the court must accept all factual allegations in the [Information] as true." *U.S. v. Bicoastal Corp.*, 819 F. Supp. 156, 158 (N.D.N.Y. 1993). In this case, the charges, as alleged in the Information, are sufficient to withstand Fuimaono's motion to dismiss. *See* discussion *supra*. We find Fuimaono's second and third arguments for the dismissal of the charges against him lack merit.

## C. Selective Prosecution

Fuimaono contends that he is being selectively prosecuted by the government. In support of his contention, he suggests that "many employees of Plaintiff have admitted under oath to 'taking' School Lunch property for personal use" but have not been charged with stealing. (Def.'s Mot. to Dismiss at 3 (emphasis omitted).) He also claims that the government's prosecution of him is motivated by a discriminatory purpose: "Plaintiff is swayed by its employees' prejudices against Defendant and his way of doing business." (*Id.* at 4.) The government responds that several of the individuals listed in Fuimaono's motion "have been charged and others remain under investigation." (Pl.'s Resp. at 4.) Additionally, the government claims "there is no evidence to show that there were any prejudices by the Plaintiff which altered its approach to this case." *Id.*

■■■■ In *Wayte v. U.S.*, 470 U.S. 598 (1985), the United States Supreme Court noted,

> In our criminal justice system, the Government retains broad discretion as to whom to prosecute. [S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . , generally rests entirely in his discretion. This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.

*Id.* at 607 (citations omitted, alteration in original). However, the Court also noted that this discretion is not unlimited and "the decision to prosecute may not be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* at 608 (citations omitted). Thus, in order to establish a claim for selective prosecution, "a defendant must show that others similarly situated have not been prosecuted and *that the prosecution is based on an impermissible motive*." *U.S. v. Wayte*, 710 F.2d 1385, 1387 (9th Cir 1983), *aff'd*, 470 U.S. 598 (1985) (emphasis added).

Fuimaono's contention that the government's prosecution of him is discriminatory against his way of doing business is simply not the sort of "impermissible motive" or "unjustifiable standard" that establishes a claim for selective prosecution. Indeed, Defendant's arguments fall far short of establishing a claim of selective prosecution. This argument has no merit, and Fuimaono's motion to dismiss for selective prosecution is denied.

### Order

Fuimaono's motion for a bill of particulars is denied. Fuimaono's motion to dismiss is denied.

It is so ordered.