**Patricia WILLARD, Appellant–Respondent,**

v.

**William PEAK, Appellee–Petitioner.**

No. 82A04–0411–CV–603.

Court of Appeals of Indiana.

Sept. 21, 2005.

Rehearing Denied Nov. 29, 2005.

Patricia Willard, Sunrise, FL, Appellant Pro–Se.

## OPINION

BAKER, Judge.

Appellant-respondent Patricia Willard appeals the trial court's order emancipating her twenty-year-old daughter Gabrielle and modifying the child support obligation and arrearage of appellee-petitioner William Peak, Gabrielle's father. Patricia raises three issues, which we consolidate and restate as: whether the trial court erred in emancipating Gabrielle and whether William's petition to modify was in bad faith. Finding that William did not establish that Gabrielle was or was capable of supporting herself, we reverse the judgment of the trial court and remand with instructions to recalculate the child support arrearage that William owes.

### FACTS

Patricia and William had one child together—Gabrielle, born April 26, 1984. Patricia was granted custody of Gabrielle, and William was ordered to pay child support in the amount of $75 per week. Gabrielle lived with Patricia in Florida, where she graduated from high school in June 2002, at which time she wanted to attend college in Indiana. On January 1, 2003, Gabrielle moved to Evansville with William. William agreed to provide her with food, shelter, and his financial information so that she could complete her Free Application for Federal Student Aid (FAFSA) form in exchange for an abatement of his child support obligation. Gabrielle enrolled at Ivy Tech for the spring semester and began attending classes. Gabrielle was not employed between high school graduation and the start of college courses seven months later.

Approximately two weeks after moving in with William, Gabrielle moved out because she and William could not get along. Gabrielle moved into a trailer owned by Patricia that was near to William's home.

On January 13, 2003, Ivy Tech dropped Gabrielle from all of her classes for nonpayment because a form had not been completed for the FAFSA, so her financial aid request was not approved. Gabrielle had no job during the spring semester.

In August 2003, Gabrielle enrolled at the University of Southern Indiana (USI) for the fall semester. She worked for a catering service on campus that only allowed forty hours of work per student per semester. But on October 14, 2003, Gabrielle was in an accident that "totaled" her vehicle. Tr. p. 25. She did not attend class for several days after the accident because she was in pain, and she did not return to class because she did not have transportation. When she finally returned to class, she was told that she could not return because she had missed too many hours. In addition, her FAFSA was randomly selected for verification on October 22, 2003, and she was required to provide a signed copy of each of her parents' 2002 federal tax returns. On April 19, 2004, USI informed Gabrielle that it had never received William's tax return, that she owed a balance of $1698 on her tuition, and that the account was being turned over to a collection agency. The letter further stated that Gabrielle would "not be allowed to register for future semesters until this amount is paid in full." Appellant's App. p. 51. On April 23, 2004, Gabrielle returned to Patricia's home in Florida.

On July 16, 2003, William filed a petition to modify his child support obligation and to emancipate Gabrielle. After a number of continuances, the hearing on William's motion was held on July 20, 2004. Gabrielle testified that she continued looking for a job upon her return to Florida, but as of the date of the hearing she had not obtained employment. William testified that he had mailed the financial aid verifi-

cation and tax return to USI, but USI apparently did not receive it. On July 26, 2004, the trial court declared Gabrielle to be emancipated as of July 16, 2003, terminating William's child support obligation, and adjusting his arrearage from $6,115.81 to $1,840.54 based on the emancipation. Patricia now appeals.

## DISCUSSION AND DECISION

In addressing Patricia's claims of error, we note that William has failed to file an appellee's brief. When an appellee fails to submit a brief, we need not undertake the burden of developing an argument for him. *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind.Ct.App.2003). Indiana courts apply a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Id.* Hence, we may reverse the trial court if an appellant establishes prima facie error. *Id.* Prima facie error is defined as "at first sight, on first appearance, or on the face of it." *Knowles & Assoc. LLC v. Cook*, 784 N.E.2d 1063, 1066 (Ind.Ct.App. 2003).

### I. Emancipation

Patricia first contends that the trial court erred in emancipating Gabrielle and thus modifying William's child support obligation. Specifically, she argues that there was no evidence that Gabrielle was or was capable of supporting herself through employment.

Child support modifications will not be set aside unless they are clearly erroneous. *Dennison v. Dennison*, 696 N.E.2d 88, 90 (Ind.Ct.App.1998). A judgment is not clearly erroneous unless there is a total lack of supporting evidence or the evidence is undisputed and leads to a contrary conclusion. *Id.* On appeal, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

The emancipation of a minor is controlled by Indiana Code section 31–16–6–6(a), which provides that the duty to support a child continues until age twenty-one, with certain enumerated exceptions. The relevant exception is set forth as follows:

(3) The child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and

(C) is or is capable of supporting himself or herself through employment.

This exception should not be confused with exception (1) of that section, which provides:

The child is emancipated before becoming twenty-one (21) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

Under exception (1), the relevant inquiry is not whether the child is *capable* of supporting herself but whether the child is *in fact* supporting herself without the assistance of her parents. *Taylor v. Chaffin*, 558 N.E.2d 879, 883 (Ind.Ct.App.1990) (examining an earlier version of this statute). But under exception (3), which is at issue here, we must examine the issue both subjectively—whether she is supporting herself—and objectively—whether she is capable of supporting herself.

We note that what constitutes emancipation is a question of law, but whether there has been an emancipation is a question of fact. *Cure v. Cure*, 767 N.E.2d 997, 1001 (Ind.Ct.App.2002). Emancipation of a child is never presumed,

but must be established by competent evidence. *Id.* The petitioner seeking emancipation bears the burden of proving that the child is emancipated. *Id.*

The evidence demonstrates that Gabrielle was nineteen years old at the time that William filed his petition and that she had been dropped from Ivy Tech's enrollment six months earlier. Tr. p. 17; Appellant's App. p. 39. But the evidence also shows that despite her best efforts to obtain employment, Gabrielle did not work from the time of her high school graduation in June 2002 until August 2003 and that she did not work again after her October 14, 2003, accident. Tr. p. 21, 24, 26, 40. Gabrielle testified that she had completed twenty-eight applications in the area in which she lived since returning to Florida, seven months prior to the hearing, to live with her mother. She was still unable to get a job. Tr. p. 19. And while Gabrielle was living in Evansville in the mobile home owned by her mother, Patricia was paying for all of Gabrielle's bills. Tr. p. 38–39. William presented no contrary evidence that Gabrielle was supporting herself or that she was capable of doing so. Thus, William failed to establish that Gabrielle was emancipated, and the trial court erred in so finding. *See Dunson v. Dunson,* 769 N.E.2d 1120 (Ind.2002) (finding that child was not supporting himself for purposes of father's motion for emancipation though he had worked part-time jobs since deciding to live with his aunt, where his income was less than $2,000 per year and he had remained dependent on his extended family for shelter, clothing, food, and parental supervision); *Butrum v. Roman,* 803 N.E.2d 1139 (Ind. Ct.App.2004) (finding that father did not

establish that child was emancipated under this section where she held a full-time job and lived with her boyfriend but home was rent-free, parents provided money for various bills, and income was saved for college).[1]

## II. Petition to Modify

■■ Patricia also argues that the trial court erroneously entered an order modifying William's child support obligation. Specifically, she asserts that William did not have a substantial change in circumstances warranting a modification.

■■ In a child support modification matter, we will not disturb the trial court's order unless it is clearly erroneous. *In re Marriage of Richardson,* 622 N.E.2d 178, 179 (Ind.1993); *Marmaduke v. Marmaduke,* 640 N.E.2d 441, 443 (Ind.Ct.App. 1994). If there is substantial evidence to support the finding of the trial court, it will not be disturbed, even though we might have reached a different conclusion if we had been the triers of fact. *Richardson,* 622 N.E.2d at 179. In determining whether the trial court's findings are clearly erroneous, we will not reweigh the evidence or determine the credibility of the witnesses, and we will consider only the evidence in the record which supports the judgment and the reasonable inferences which can be drawn from that evidence. *Id.*

■■■ Indiana Code section 31–16–8–1 provides that child support modification may be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

---

1. Patricia also contends that the trial court's order is erroneous because there were no special findings made regarding the issue of emancipation. We do not need to reach this issue because we reverse the trial court's order on substantive grounds, but we note that the better practice in emancipation cases would be to make specific findings regarding the reasons for declaring the child to be emancipated.

(2) upon a showing that:

    (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

    (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

The trial court's calculation of child support obligations pursuant to the child support guidelines is presumptively valid. *Matula v. Bower*, 634 N.E.2d 537, 539 (Ind.Ct.App.1994). Moreover, the party seeking deviation from the guideline amount must convince the court that the guideline amount is unjust or inappropriate under the existing circumstances. *Id.*; Ind. Child Support Guidelines 3(F)(2).

In his petition for modification, William argued that there had been a substantial change in circumstances inasmuch as Gabrielle should be declared emancipated. Because we have determined that the trial court erred in emancipating Gabrielle, this cannot serve as the basis for a modification of child support. Moreover, William has been paid almost exactly the same amount per hour—between $8.25 and $8.50—from the time of the child support order to the time of the hearing, so child support would not have changed by twenty percent or more. Tr. p. 94–97. Consequently, we find that the trial court erred in terminating William's support obligation and modifying his arrearage.[2]

In sum, we find that the trial court erred in declaring Gabrielle to be emancipated. Because of that finding, we also hold that the trial court erred in terminating William's support payment and modifying his arrearage. We note that Gabrielle was emancipated as a matter of law on April 26, 2005—her twenty-first birthday. *See* I.C. § 31–16–6–6. As such, the trial court will take this and any other evidence submitted by the parties concerning Gabrielle's subsequent emancipation into consideration when recalculating the arrearage that William owes.

The judgment of the trial court is reversed and remanded with instructions to recalculate child support.

RILEY, J., and MATHIAS, J., concur.

---

2. Patricia also asserted that the trial court erred in failing to address the issue of the outstanding debt to USI, which she raised during the July 20, 2004, hearing. Tr. p. 71. But we note that there was no order in place for William to pay Gabrielle's college expenses, and the only evidence of William's liability that Patricia put forward is that "if he had provided his tax return there would not be a bill." *Id.* As such, we will deem the issue denied.