**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE M. COOPER**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**KAREN CELESTINO-HORSEMAN**
Indianapolis, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1211-CR-566 |
| | ) | |
| BOBBY WALDEN, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49F09-1109-FD-69637

**April 4, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Plaintiff, the State of Indiana (State), appeals the trial court's grant of Appellee-Defendant's, Bobby Walden (Walden), motion to dismiss.

We reverse and remand.

## ISSUE

The State raises one issue on appeal, which we restate as: Whether the trial court abused its discretion when it granted Walden's motion to dismiss the charges as a matter of law.

## FACTS AND PROCEDURAL HISTORY

Nicholas Caldwell (Caldwell) lived at the Latitudes Apartments in Indianapolis, Indiana from March or April 2010, until his landlord evicted him in December 2010. In July or August of 2010, Caldwell started living at his fiancée's residence while still maintaining his apartment as his legal address. At some point in September 2010, Caldwell became unemployed. Aware that his landlord might commence eviction proceedings, Caldwell began moving his belongings from the apartment.

On November 15, 2010, Caldwell's landlord filed a summons and notice of claim for possession of real estate. On November 29, 2010, a notice to move was filed with the trial court which provided that Caldwell must vacate his apartment on or before 6:00 p.m. on December 6, 2010. Sometime between Thanksgiving and Christmas 2010, Caldwell visited his apartment. He did not notice the summons or notice on the apartment door during this visit.

2

On December 22, 2010, Caldwell's landlord requested Jones Movers to move and store the personal property from Caldwell's apartment. That day, Candace Jones (Jones), co-owner of Jones Movers, received a phone call from her son-in-law who was at Caldwell's apartment supervising the eviction, informing her that "the constable was dirty." (Appellant's App. p. 187). Walden was the police officer supervising the eviction proceedings. Jones' son-in-law told her that a watch, cigars, and cigar cutters were missing and he believed Walden had taken them. He also advised Jones that Walden "had told [him] that if [they] wanted to continue working in Franklin Township, this is how things were going to be from now on." (Appellant's App. p. 188). Generally, after taking items removed during an eviction to storage, Jones would contact the owner of the items within thirty days. The company would keep the property for ninety days before sending a certified letter to the owner, giving him an additional thirty days to pay the storage fees and recover the property. If the items would not be claimed within that period, Jones would advertise the items in the newspaper and auction them ten days later.

Caldwell was not present during the eviction and only learned that his belongings had been moved to storage after a police detective contacted him about the possible theft. In February 2011, Caldwell emailed Jones about paying the balance owed and taking inventory of the remaining items to determine if anything else was missing. Jones forwarded him the requested information and also told him that he needed to contact the detective as the detective would have to be present when Caldwell accessed the storage unit. On March 1, 2011, Caldwell sent Jones another email requesting to go through his belongings the following day and to notify the detective if needed. In May of 2011,

Jones sent Caldwell an email informing him that the items were scheduled to be sold at auction on June 7, 2011 and that he needed to contact her as soon as possible if Caldwell wanted to retrieve his belongings.

During his deposition, Caldwell testified that after he lost his employment in September, he could not afford to move his belongings into storage. He stated "I thought they were going to be donated or thrown away . . . And, I mean there was nothing I could do at that point." (Appellant's App. p. 117). When questioned by Walden's attorney whether he considered his belongings that were left behind in the apartment as "kind of abandoned," Caldwell replied, "Yeah." (Appellant's App. p. 118).

On September 30, 2011, the State filed an Information charging Walden with Count I, theft, a Class D felony, I.C. § 35-43-4-2 and Count II, official misconduct, a Class D felony, I.C. § 35-44-1-2. On October 5, 2012, Walden filed a motion to dismiss, together with a memorandum in support. On October 15, 2012, the trial court granted Walden's motion as a matter of law, concluding in pertinent part as follows:

> As [Walden] points out, according to the testimony in [Caldwell's] deposition, [Caldwell] considered the property that the State alleges stolen to be, in fact, abandoned. The State responds to this by citing to bailment law, arguing that [Caldwell] retained an ownership interest in the alleged stolen property. While a well thought out and considered argument, the court finds that at the time of the alleged theft and misconduct, a bailment did not exist, and that by his actions, as he even considered it so, [Caldwell] had abandoned his property and therefore had no ownership interest in it on December 22, 2010, the date of the offense. Therefore, the charges . . . would fail on their face as it would be impossible, under law, for the State to meet its burden on the elements in Counts 1 and 2 of "exerting unauthorized control over the property of another person[.]"

(Appellant's App. pp. 222-23).

4

The State now appeals.  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

The State contends that the trial court abused its discretion when it granted Walden's motion and dismissed the charging Information.  On appeal, the court will review a trial court's grant of a motion to dismiss an information for an abuse of discretion. *Johnson v. State*, 774 N.E.2d 1012, 1014 (Ind. Ct. App. 2002).  In reviewing a trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and circumstances.  *Id.*

The State appeals pursuant to Indiana Code section 35-34-1-4, which enumerates the grounds for dismissing an information or indictment and which provides, in relevant part:

> (a) The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:
> (1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.
> (2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.
> (3) The grand jury proceeding was defective.
> (4) the indictment or information does not state the offense with sufficient certainty.
> (5) The facts stated did not constitute an offense.
> (6) The defendant has immunity with respect to the offense charged.
> (7) The prosecution is barred by reason of a previous prosecution.
> (8) The prosecution is untimely brought.
> (9) The defendant has been denied the right to a speedy trial.
> (10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.
> (11) Any other ground that is a basis for dismissal as a matter of law.

As a general rule, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true.  *State v. Gill*, 949 N.E.2d 848, 850

5

(Ind. Ct. App. 2011). Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss. *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind. Ct. App. 2003). In *Houser v. State*, 622 N.E.2d 987, 988 (Ind. Ct. App. 1993), we determined that it is improper for a trial court to grant a defendant's motion to dismiss an information when it is based on the sufficiency of the evidence.

Not challenging the propriety of the actual indictment, Walden supported his motion to dismiss by referencing Caldwell's deposition testimony. Specifically, Walden asserts that he has a defense against the charge of theft and official misconduct because he could not knowingly exert unauthorized control over Caldwell's belongings with the intent to deprive Caldwell of any part of that property because Caldwell had abandoned his property at the moment Walden took it.

In *Isaacs*, the defendant was charged with operating a vehicle while under the influence of a controlled substance. *Isaacs*, 794 N.E.2d at 1122. Moving for a dismissal, he alleged that he had a valid prescription for that controlled substance. *Id*. The trial court granted his motion. *Id*. We reversed because we considered Isaacs' claim to be a factually-based defense which must be decided at trial, not resolved in a pre-trial motion to dismiss. *Id*.

Likewise here, the question whether Caldwell had abandoned his property and thus relinquished ownership and possession of his belongings is a factual dispute which cannot be settled by a pre-trial motion. While Walden challenges whether Caldwell could be the victim of theft after abandoning his property, the State refers to other evidence indicating that Caldwell had not relinquished his belongings. Caldwell's

6

deposition testimony indicates that he only learned that he had been evicted and his property moved to storage when a detective contacted him about a possible theft. Thereafter, the email exchange between Jones and Caldwell establishes that Caldwell intended to reclaim his belongings and worked towards getting the storage fees paid. By alleging in the motion to dismiss that Caldwell had abandoned his property at the time of the eviction and the purported theft by Walden, Walden disputes the sufficiency of the evidence. As a motion to dismiss is an improper vehicle to decide questions of fact, we reverse the trial court's grant of Walden's motion to dismiss and remand to the trial court for further proceedings.[1] *See Caesar v. State*, 964 N.E.2d 911, 918 (Ind. Ct. App. 2012), *trans. denied*.

## CONCLUSION

Based on the foregoing, we conclude that the trial court abused its discretion by granting Walden's motion to dismiss.

Reversed and remanded.

BAKER, J. and BARNES, J. concur

---

[1] Because we reverse on the basis that Walden's asserted defense amounted to a question of the sufficiency of the evidence, we do not need to address the merits of the State's claim that (1) the trial court erred by not conducting an evidentiary hearing and (2) proof of absolute ownership is not required for purposes of a theft charge.