**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MARYLYN K. L. ERNSBERGER**
Stout Law Group, P.C.
Angola, Indiana

FILED

Jun 19 2014, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 76A03-1311-CR-421 |
| | ) | |
| RANDALL SCOTT STIVERSON, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE STEUBEN CIRCUIT COURT
The Honorable Allen N. Wheat, Judge
Cause No. 76C01-1208-FD-764

**June 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Randall S. Stiverson was involved in a car crash and was taken to the hospital. Randall consented to a blood draw and admitted that he had previously smoked "spice." The standard drug panel came back with no positive results. The prosecutor requested that the blood be tested for synthetic cannabinoids, and the test showed that AM-2201, a synthetic cannabinoid, was present in Stiverson's blood. The State charged Stiverson with class D felony operating a vehicle while intoxicated causing serious bodily injury and class A misdemeanor operating a vehicle while intoxicated in a manner that endangered a person. Stiverson filed a motion to dismiss the charges contending that AM-2201 was legal for him to use at the time of the accident. The trial court granted the motion to dismiss on the basis that AM-2201 was not listed in a statute outlawing the inhalation of toxic vapors.

On appeal, the State contends that the trial court erred in granting Stiverson's motion to dismiss on that basis. We agree. Therefore, we reverse and remand for further proceedings.

**Facts and Procedural History**

At the hearing on Stiverson's motion to dismiss, the parties stipulated to the following facts. On December 1, 2011, Stiverson was involved in a car crash in which he was the driver. While at the hospital, Stiverson consented to a blood draw. The standard drug panel came back with no positive results. An additional test was taken to account for synthetic cannabinoids. The toxicology tests revealed that Stiverson had a synthetic cannabinoid, AM-2201, in his blood.

2

On August 10, 2012, the State charged Stiverson with class D felony operating a vehicle while intoxicated causing serious bodily injury under Indiana Code Section 9-30-5-4(a)(3) and class A misdemeanor operating a vehicle while intoxicated in a manner that endangered a person under Indiana Code Section 9-30-5-2(a). The term "intoxicated" is defined by Indiana Code Section 9-13-2-86 (2011) as being under the influence of any of the following:

(1) alcohol;
(2) a controlled substance (as defined in IC 35-48-1);
(3) a drug other than alcohol or a controlled substance;
(4) a substance described in IC 35-46-6-2 or IC 35-46-6-3; or
(5) a combination of substances described in subdivisions (1) through (4);
so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties.[1]

On May 10, 2013, Stiverson filed a motion to dismiss the charges contending that AM-2201 was not illegal for him to use at the time of the accident. On October 2, 2013, a hearing was held on Stiverson's motion to dismiss. At the hearing, the State noted that Dr. Scott Kriger, the director of the Indiana Department of Toxicology, had stated that AM-2201 is a "toxin that releases toxic vapors." Tr. 5. The State argued that AM-2201 is a chemical that emits a toxic vapor as contemplated by Indiana Code Section 35-46-6-2, which is referenced in Indiana Code Section 9-13-2-86(4) and reads as follows:

---

[1] Both parties refer to Indiana Code Section 9-13-2-86(6), which reads, "any other substance, not including food and food ingredients (as defined in IC 6-2.5-1-20), tobacco (as defined in IC 6-2.5-1-28), or a dietary supplement (as defined in IC 6-2.5-1-16)[.]" We note, however, that this provision was not added to the statute until May 2013, long after Stiverson allegedly committed the charged offenses.

A person who, with intent to cause a condition of intoxication, euphoria, excitement, exhilaration, stupefaction, or dulling of the senses, ingests or inhales the fumes of:
(1) model glue; or
(2) a substance that contains:
    (A) toluene;
    (B) acetone;
    (C) benzene;
    (D) N-butyl nitrite;
    (E) any aliphatic nitrite, unless prescribed by a physician;
    (F) butane;
    (G) amyl butrate;
    (H) isobutyl nitrate;
    (I) freon;
    (J) chlorinated hydrocarbons;
    (K) methylene chloride;
    (L) hexane;
    (M) ether;
    (N) chloroform; or
    (O) halothane; or
(3*) any other chemical having the property of releasing toxic vapors*;
commits inhaling toxic vapors, a Class B misdemeanor.

(Emphasis added.)

On October 4, 2013, the trial court granted Stiverson's motion to dismiss on the basis that on December 1, 2011, AM-2201 was not a drug listed under Indiana Code Section 35-46-6-2(2), and therefore Stiverson did not commit an offense. The State filed a motion to reconsider, which the court denied.

**Discussion and Decision**

The State contends that the trial court erred in granting Stiverson's motion to dismiss. On appeal, this Court reviews a trial court's ruling on a motion to dismiss for an abuse of discretion. *Ingram v. State*, 760 N.E.2d 615, 618 (Ind. Ct. App. 2001), *trans.*

4

*denied* (2002). "In reviewing a trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and circumstances." *Id.* When charges are dismissed due to a challenge of insufficient facts to support a charge, this Court takes the alleged facts as true. *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind. Ct. App. 2003). "The purpose of the information is to allege facts sufficient in law to support a conviction and to sufficiently charge the crimes so that a defendant may prepare a defense and be protected against double jeopardy in the future." *Id.* (quoting *State v. Houser*, 622 N.E.2d 987, 988 (Ind. Ct. App. 1993), *trans. denied* (1994)). An information may be dismissed if the facts stated in the information do not constitute an offense. Ind. Code § 35-34-1-4(a)(5).

The State argues that the trial court erred in granting Stiverson's motion to dismiss on the basis that AM-2201 is not one of the substances listed in Indiana Code Section 35-46-6-2(2). We agree. Indiana Code Section 35-46-6-2(3) references "any other chemical having the property of releasing toxic vapors," and Stiverson has never disputed the State's assertion that AM-2201 is a chemical having the property of releasing toxic vapors. As such, it is undisputed that AM-2201 is "a substance described in IC 35-46-6-2" for purposes of Indiana Code Section 9-13-2-86(4), and therefore the State may prosecute Stiverson for operating a vehicle while intoxicated as a result of being under the influence of AM-2201. This is so even though it was not illegal for Stiverson to use AM-2201 at the time of the accident. Accordingly, we conclude that the trial court abused its discretion in granting

5

Stiverson's motion to dismiss and reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAKER, J., and BARNES, J., concur.