## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 20 2016, 9:05 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Kevin Ford,

*Appellee-Defendant.*

October 20, 2016

Court of Appeals Case No.
10A05-1604-CR-820

Appeal from the Clark Circuit Court

The Honorable Joseph P. Weber, Judge

Trial Court Cause No.
10C03-1602-F6-209

**Barnes, Judge.**

# Case Summary

The State appeals the trial court's dismissal of its charging information against Kevin Ford for Level 6 felony operating a vehicle as an habitual traffic violator ("HTV"). We reverse and remand.

# Issue

The sole issue before us is whether the trial court erred in dismissing the information based on a purported lack of probable cause.

# Facts

The probable cause affidavit in this case, submitted by Officer Joe Baker of the Charlestown Police Department, stated that on January 28, 2016, Officer Baker was conducting traffic control when he noticed a red Chevrolet HHR with a partially obscured license plate drive past. Officer Baker noted that the vehicle was being driven by a white male; he did not see any other occupants at that time. Officer Baker followed the vehicle to a gas station so that he could get a better look at the license plate. After arriving at the gas station, Officer Baker saw a white male with a tattoo on the left side of his neck exit the driver's side door. Officer Baker obtained the license plate information, then left the gas station to set up a radar traffic control area.

Minutes later, Officer Baker saw the same red Chevrolet HHR drive past, and he decided to follow it. When he observed the vehicle switch lanes without signaling, he initiated a traffic stop. Stephanie Littrell was driving the vehicle at this time and Ford, whom Officer Baker recognized from having seen him

driving earlier and at the gas station, was in the front passenger seat. Officer Baker then ran Ford's driver's license information, learned that Ford was an HTV, took him into custody, and drove him to the police station. At the station, Ford admitted that he had been driving earlier and had been trying to get to a methadone clinic before it closed.

[5] The State charged Ford with Level 6 felony operating a vehicle as an HTV. Ford filed a "Motion for Probable Cause Hearing," asserting that Officer Baker did not have probable cause to arrest him. App. p. 16. The trial court conducted a hearing on this motion, at which Officer Baker and Littrell testified. Officer Baker described the events leading up to and after Ford's arrest, providing additional detail that was not in the probable cause affidavit. Officer Baker also testified that during "open conversation" at the police station, Ford said, "I f'd up . . . I screwed up, I shouldn't have been driving . . . ." Tr. p. 46. After the trial court asked whether Ford had been Mirandized at that time and Officer Baker said he had not, the trial court stated, "Well I don't care what he said then. It's not going to be able to come in." *Id.* at 47. Littrell testified that she was Ford's girlfriend and had been driving the entire time on January 28, 2016. After the hearing, the trial court entered an order finding there was no probable cause for Ford's arrest or the charge against him and dismissing the case without prejudice. The State now appeals.

## Analysis

[6] We first note that Ford has not filed an appellee's brief in this case. It was Ford's obligation as appellee to controvert arguments presented by the State.

*See Mateyko v. State*, 901 N.E.2d 554, 557 (Ind. Ct. App. 2009), *trans. denied*. When an appellee does not submit a brief, we may reverse if the appellant presents a prima facie case of error, which is error at first sight or appearance. *Id.* "We are nevertheless obligated to correctly apply the law to the facts of the record to determine if reversal is required." *Id.*

[7] We review a trial court's dismissal of a charging information for an abuse of discretion. *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind. Ct. App. 2003). A trial court abuses its discretion in a ruling if it is clearly against the logic and effect of the facts and circumstances before it, or if it misinterprets or misapplies the law. *Gil v. State*, 988 N.E.2d 1231, 1234 (Ind. Ct. App. 2013).

[8] Indiana Code Section 35-34-1-4 lists eleven possible grounds for dismissing a charging information. A lack of probable cause is not one of those grounds. *Flowers v. State*, 738 N.E.2d 1051, 1055 (Ind. 2000). Rather, it is axiomatic that, "[a] pretrial motion to dismiss directed to the insufficiency of the evidence is improper, and a trial court errs when it grants such a motion." *State v. Helton*, 837 N.E.2d 1040, 1041 (Ind. Ct. App. 2005). The sufficiency of a charging information generally is tested by taking the facts alleged in the information as true. *Isaacs*, 794 N.E.2d at 1122. "Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss." *Id.* If, indeed, probable cause is found to be lacking for an arrest, it is relevant only to the defendant's pretrial detention or the admissibility of evidence recovered incident to the arrest. *Flowers*, 738 N.E.2d at 1055.

[9] Here, the trial court essentially granted Ford a pretrial mini-trial and ruled that there was insufficient evidence to charge Ford. That was improper, and it was an abuse of discretion to dismiss the case for this reason. Clearly, the trial court was required to weigh evidence and judge witness credibility in order to rule in Ford's favor. Those were matters to be decided at trial. *See Isaacs*, 794 N.E.2d at 1122-23 (holding defendant's alleged statutory defense to charge was a matter to be decided at trial).

[10] We further note that the trial court seems to have sua sponte suppressed Ford's admission to Officer Baker that he had been driving because he had not yet been Mirandized. We conclude the trial court jumped the gun in doing so. *Miranda* only requires suppression of unwarned statements that are made in custody in response to "interrogation," which includes express questioning or words or actions on the part of police that the police know are reasonably likely to elicit an incriminating response. *White v. State*, 772 N.E.2d 408, 412 (Ind. 2002). "Volunteered statements do not amount to interrogation." *Id.* Officer Baker's testimony that Ford made his admissions during "open conversation" is far from conclusive proof that the admissions were made in response to interrogation as opposed to being volunteered. Tr. p. 46.

## Conclusion

[11] The trial court abused its discretion in dismissing the State's case against Ford for an alleged lack of probable cause. It also acted prematurely in deciding that Ford's admissions to Officer Baker should be suppressed. We reverse the

dismissal of the charging information and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Riley, J., and Bailey, concur.