

IN THE

# Court of Appeals of Indiana

State of Indiana,

*Appellant-Plaintiff*



FILED

May 06 2025, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Devin A. Dickens,

*Appellee-Defendant*

---

May 6, 2025

Court of Appeals Case No.
24A-CR-1912

Appeal from the Dubois Superior Court

The Honorable Nathan A. Verkamp, Special Judge

Trial Court Cause No.
19D01-2403-F2-259

---

**Opinion by Judge Foley**
Judges Mathias and Felix concur.

**Foley, Judge.**

[1] The State appeals the trial court's dismissal of two counts alleging Devin A. Dickens ("Dickens") possessed, and possessed with intent to deliver, a controlled substance—Tetrahydrocannabinols ("THC")—where Dickens obtained dismissal on the basis that statements in the probable cause affidavit suggested the substance in his possession was not actually a controlled substance. The State argues, and we agree, dismissal of the charges was improper because the charging information, taken as true, alleges valid criminal offenses and to the extent the probable cause affidavit can be said to contain conflicting facts, it is the function of a trier of fact to ascertain whether the substance was, in fact, contraband. We therefore reverse and remand.

## Facts and Procedural History

[2] On March 4, 2024, the State filed a four-count information against Dickens. This appeal concerns only the first two counts. In Count 1, the State alleged Dickens committed Level 2 felony dealing in a Schedule I controlled substance because he "did knowingly or intentionally possess with the intent to deliver [THC], a controlled substance, pure or adulterated, classified in Schedule I, a controlled substance analog, pure or adulterated, of a substance classified in Schedule I, said drug having a weight of at least 28 grams." Appellant's App. Vol. 2 p. 11. In Count 2, the State alleged Dickens committed Class A misdemeanor possession of a controlled substance because he "did knowingly or intentionally possess [THC], a controlled substance, pure or adulterated,

classified in Schedule I." *Id.* Count 3 alleged Class B misdemeanor possession of marijuana. Count 4 alleged Class A misdemeanor driving while suspended.

[3] On June 18, 2024, Dickens filed a motion to dismiss Counts 1 and 2, arguing the charging information was "defective under Indiana Code [section] 35-34-1-4(a)(5)" because the counts "fail[ed] to recite facts that constitute[d] an offense[.]" Appellant's App. Vol. 2 p. 62. In a supporting memorandum, Dickens referred to statements in the probable cause affidavit indicating that law enforcement recovered a bag from Dickens's vehicle that "contain[ed] (13) Delta 8 vape cartridges[.]" *Id.* at 14. Dickens argued Counts 1 and 2 related to those cartridges and that, due to a "'gray area' surrounding the legal status of [D]elta-8 THC"—as opposed to a substance containing at least "0.3 percent [D]elta-9 THC," which Dickens agreed constituted a controlled substance—the trial court "must resolve against imposing a penalty against [him]" on Counts 1 and 2 "as his conduct [was] not clearly prohibited by statute and [was] subject to only arbitrary enforcement." *Id.* at 68–69. The trial court held a hearing and dismissed Counts 1 and 2. The State now appeals.

## Discussion and Decision

[4] The State argues the trial court erred in granting Dickens's motion to dismiss Counts 1 and 2 of the charging information. We review for an abuse of discretion, which occurs if the trial court's decision was clearly against the logic and effect of the facts and circumstances or the court misinterpreted the law. *State v. Katz*, 179 N.E.3d 431, 440–41 (Ind. 2022); *Gutenstein v. State*, 59 N.E.3d

984, 994 (Ind. Ct. App. 2016), *trans. denied*. On appeal, we review questions of law de novo. *Armes v. State*, 191 N.E.3d 942, 946 (Ind. Ct. App. 2022).

[5] The purpose of a charging information is to provide the defendant with notice of the crime charged so he can prepare a defense. *Lebo v. State*, 977 N.E.2d 1031, 1038 (Ind. Ct. App. 2012); *State v. Houser*, 622 N.E.2d 987, 988 (Ind. Ct. App. 1993), *trans. denied*. Consistent with this purpose, Indiana Code section 35-34-1-2 specifies that the "indictment or information shall be in writing and allege the commission of an offense by," among other things, "stating the name of the offense," "citing the statutory provision alleged to have been violated," and "setting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition[.]" In contrast, the probable cause affidavit serves a different function. *See Flowers v. State*, 738 N.E.2d 1051, 1055 (Ind. 2000), *abrogated on other grounds*. As opposed to providing notice, the probable cause affidavit serves as "a means of satisfying the constitutional and statutory requirements that the pre-trial detention of the accused to face the charge be based upon a determination, by a neutral and detached magistrate, that probable cause exists to believe that the accused committed the crime." *Id.* (quoting *Gilliam v. State*, 383 N.E.2d 297, 303 (Ind. 1978)).

[6] In this case, Dickens moved to dismiss under Indiana Code section 35-34-1-4(a)(5), which permits dismissal of a charge if "(t)he facts stated do not constitute an offense." This type of motion presents a pure question of law, subject to de novo review. *Cf. Gutenstein*, 59 N.E.3d at 995–99. Review is limited to whether, taking the facts alleged in the information as true, the

information failed to allege the defendant committed a criminal offense. *E.g.*, *Delagrange v. State*, 951 N.E.2d 593, 594–95 (Ind. Ct. App. 2011), *trans. denied*. In other words, it is "only when an information is facially deficient in stating an alleged crime that dismissal for failure to state an offense is warranted." *Pavlovich v. State*, 6 N.E.3d 969, 974 (Ind. Ct. App. 2014), *trans. denied*. For example, in *State v. Isaacs*, we affirmed dismissal of a charge where the charging information alleged the defendant committed the criminal offense of operating a vehicle with a Schedule I or Schedule II controlled substance in his body, but the charging information specifically identified three substances that were not Schedule I or Schedule II controlled substances and it was "not a crime per se" to operate a vehicle with the listed substances in one's body. 794 N.E.2d 1120, 1123 (Ind. Ct. App. 2003) ("The facts recited . . . fail[ed] to state a crime").

[7] Below, Dickens claimed dismissal was necessary due to a "'gray area' surrounding the legal status of [D]elta-8 THC[.]"[1] Appellant's App. Vol. 2 p. 69. But the charging information did not refer to Delta-8 THC. Rather, in Counts 1 and 2, the State alleged that Dickens possessed, and possessed with intent to deliver, THC, "a controlled substance, pure or adulterated, classified

---

[1] The State at one point refers to an opinion of the Indiana Attorney General, which includes useful scientific background and citation regarding "Delta-8" and "Delta-9" terminology. *See generally* Tetrahydrocannabinol Variants and Other Designer Cannabinoid Products, 2023 Ind. Op. Att'y Gen. No. 1, 2 (2023). In general, Delta-8 THC and Delta-9 THC are "cannabinoids," i.e., "chemical compounds found both in the cannabis plant and synthetically made." *Id.* Although "Delta-9 is the most prevalent THC" in the cannabis plant, Delta-8 THC is among "other isomers also found in [the plant], albeit in trace concentrations." *Id.* "THC binds to the brain's cannabinoid receptors," creating the "'high' marijuana is known for"; Delta-8 THC "produce[s] a similar high to [D]elta-9 THC, but it is reportedly milder than that of [D]elta-9 THC." *Id.*

in Schedule I[.]" *Id.* at 11. Indiana Code section 35-48-2-4(d)(32) classifies THC as a Schedule I controlled substance, along with "synthetic equivalents" and "derivatives," and their "isomers with similar chemical structure and pharmacological activity," specifying that "compounds of these structures, regardless of numerical designation of atomic positions are covered." Moreover, the information specifically referred to Indiana Code section 35-48-4-2(a)(2), which criminalizes dealing in a Schedule I controlled substance, and section 35-48-4-7(a)(1), which criminalizes possession of a controlled substance. *See* Appellant's App. Vol. 2 p. 11. Indiana Code section 35-48-1-9 defines the term "controlled substance" and specifically excludes certain substances from that definition, ultimately providing that "[t]he term does not include low THC hemp extract." Low THC hemp extract is defined as a substance that, among other things, "contains not more than three-tenths percent (0.3%) total [D]elta-9 [THC], including precursors, by weight[.]" Ind. Code § 35-48-1-17.5(a). It is Dickens's contention that Delta-8 products are "low THC hemp extract."

[8] Dickens contends the State was required to specifically allege that the substance in his possession did not fall into a statutory exception—namely, that it was not low THC hemp extract or Delta-8 THC. *See, e.g.*, Appellee's Br. p. 17. However, we disagree that the charging information lacked adequate detail. Low THC hemp extract is excluded from the definition of a controlled substance. *See* I.C. § 35-48-1-9. These statutory classifications are mutually exclusive—a substance cannot simultaneously be both a controlled substance and low THC hemp extract. In the charging information, the State alleged

Dickens possessed, and possessed with intent to deliver, "[THC], a controlled substance, pure or adulterated, classified in Schedule I." Appellant's App. Vol. 2 p. 11. This allegation—which at this stage must be taken as true—inherently asserts Dickens possessed a controlled substance, i.e., not low THC hemp extract or what Dickens claims to be Delta-8 THC. This was sufficient, and the State was not required to make redundant allegations. *Cf.* I.C. § 35-34-1-2(a)(4) (requiring the charging information to "set[] forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition").

[9] Dickens also invites us to look beyond the four corners of the charging information to establish that, contrary to the allegations therein, Dickens did not actually possess a Schedule I controlled substance. *See* Appellee's Br. pp. 16–17 (acknowledging "the charging information . . . says that [Dickens] is accused of possessing THC but the probable cause affidavit makes clear that the specific THC at issue is [D]elta-8 THC," which Dickens argues is "low THC hemp extract" that is "not a controlled substance"). Critically, however, "[q]uestions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss." *Pavlovich*, 6 N.E.3d at 974 (quoting *Isaacs*, 794 N.E.2d at 1122). Rather, "[i]t is only when [the charging] information is facially deficient in stating an alleged crime that dismissal for failure to state an offense is warranted." *Id.* Thus, we agree with the State that "[w]hether the vapes Dickens possessed contained controlled substances would

be a factual question that would need to be developed, not a legal question that can be disposed of at the motion to dismiss stage." Appellant's Br. p. 19.

[10] In conclusion, it was improper to dismiss Counts 1 and 2 because "the facts stated in the information . . . constitute[d] an offense." *Isaacs*, 794 N.E.2d at 1122 (citing Indiana Code section 35-34-1-4(a)(5)). We therefore reverse the dismissal of Counts 1 and 2 and remand the case for further proceedings.

[11] Reversed and remanded.

Mathias, J. and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Theodore E. Rokita
Attorney General of Indiana

Kathy Jo Bradley
Brandon D. Smith
Deputy Attorneys General
Indianapolis, Indiana


ATTORNEY FOR APPELLEE

Victoria Bailey Casanova
Casanova Legal Services, LLC
Indianapolis, Indiana