STATE of Indiana, Appellant–Plaintiff,

v.

Raphael M. HELTON, Appellee–Defendant.

No. 02A03–0508–CR–384.

Court of Appeals of Indiana.

Nov. 30, 2005.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellant.

Randall J. Hammond, Deputy Public Defender, Fort Wayne, for Appellee.

## OPINION

MAY, Judge.

The State charged Raphael M. Helton with Class D felony battery. Helton moved to dismiss the charge on the ground the complaining witness had recanted and there was no other admissible evidence Helton committed battery. The trial court granted his motion. The single issue the State raises on appeal is whether the trial court had the authority to dismiss a charge prior to trial because the victim recanted her initial statements to police.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On January 16, 2005, Barbara Helton told police Raphael had struck her with a closed fist and had thrown a lamp at her, striking her. She reported she was nearly knocked unconscious. An officer noted in the probable cause affidavit that Barbara was "crying" and "fearful." Barbara complained of pain, exhibited bruises, abrasions, and minor cuts, and was treated at a hospital. Photographs were taken of the scene and of her injuries. Four days later, she again told police Raphael had battered her.

Barbara was deposed on March 24, 2005. She recanted her statements that Raphael had battered her, and stated a different person had struck her.

On July 16, 2005, the date of Raphael's trial, defense counsel moved to dismiss the charge. Counsel based this motion on Barbara's recantation of her statements implicating Raphael. The trial court heard argument and Barbara testified under oath. The trial court then dismissed the charge.

## DISCUSSION AND DECISION

A pretrial motion to dismiss directed to the insufficiency of the evidence is improper, and a trial court errs when it grants such a motion. *State v. Houser,* 622 N.E.2d 987, 988 (Ind.Ct.App.1993), *reh'g denied, trans. denied.* There, the trial court dismissed charges of aiding in theft and conspiracy to commit theft on the ground there was no evidence of the material element of "unauthorized control," which was required under both offenses. The State argued whether the defendants exerted unauthorized control was a question of fact to be decided at trial. We agreed, noting the sufficiency of an information is tested by taking the facts alleged therein as true. *Id.* The charging informations there alleged sufficient facts to constitute the offenses charged.

Like Raphael, Houser asserted his case involved a total absence of evidence and not just insufficiency of evidence, but we concluded for purposes of a pretrial motion to dismiss there was no such distinction. The trial court therefore erred in granting Houser's motions to dismiss. *Id.*

Raphael's motion to dismiss was based on the premise no police officers could be called to testify. He argues the charges against him were properly dismissed because "once a witness has admitted an inconsistent prior statement she has impeached herself and further evidence is unnecessary for impeachment purposes." *Pruitt v. State,* 622 N.E.2d 469, 473 (Ind. 1993)[1], *reh'g denied.* He contends that other witnesses may not be placed on the stand for the sole purpose of introducing "otherwise inadmissible evidence cloaked as impeachment." *Appleton v. State,* 740 N.E.2d 122, 125 (Ind.2001). As a result, he argues, the police officers who took the initial call and statements from Barbara could not be called because their only purpose would be to further impeach her.

We must decline Raphael's invitation to adopt reasoning that might allow the dismissal of most cases in which the victim recants his or her testimony. The police officers who would have been called to testify to Barbara's prior statements and condition at the time she made her initial statement might not have been called to impeach her; it is more likely they would have been called to report what they personally observed. The probable cause affidavit indicates Barbara was "crying," "fearful" and "afraid" when the police responded to her call. (Appellant's App. at 7.) Their testimony would probably have been allowed under the excited utterance exception to the hearsay rule.

 A victim's decision to recant her prior statements or to not testify at all does not necessarily prevent a trial. *See, e.g., Fowler v. State,* 829 N.E.2d 459, 462 (Ind.2005) (victim declined to testify after taking the stand, but the defendant was convicted and the conviction was affirmed), *reh'g denied.*

Raphael's motion to dismiss should not have been granted. We must accordingly reverse and remand for trial.

Reversed and remanded.

KIRSCH, C.J., and ROBB, J., concur.

---

**1.** Helton directs us to "Prior v. State" as the source of this quoted language. (Br. of Appellee at 3.) The language is actually found in *Pruitt v. State,* 622 N.E.2d 469, 473 (Ind. 1993), *reh'g denied.*