STATE of Indiana, Appellant–Plaintiff,

v.

Christopher J. GILL, Appellee–Defendant.

No. 84A04–1011–CR–812.

Court of Appeals of Indiana.

May 27, 2011.

Transfer Denied Aug. 18, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Indianapolis, IN, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Rae Elaine Martin, Terre Haute, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant State of Indiana appeals the trial court's grant of Defendant–Appellee Christopher J. Gill's motion to dismiss. We reverse and remand.

### ISSUE

The State raises one issue, which we restate as: whether the trial court abused its discretion when it dismissed the State's charging information ("the information").

### FACTS AND PROCEDURAL HISTORY

On July 2, 2010, the State filed the information against Gill. The State contended that Gill had committed domestic battery, a Class A misdemeanor, upon his spouse, T.G. Ind.Code § 35–42–2–1.3(a) (2006). Subsequently, T.G. tendered to the trial court several requests to dismiss the case against Gill. In addition, Gill filed a motion to dismiss the information. The trial court held a hearing on Gill's motion, and T.G. testified at the hearing. Subsequently, the trial court granted Gill's motion to dismiss, and this appeal followed.

### DISCUSSION AND DECISION

■ The State appeals pursuant to Indiana Code section 35–38–4–2(1) (1983), which provides that the State may seek review of "an order granting a motion to dismiss an indictment or information." On appeal, we will review a trial court's grant of a motion to dismiss an information for an abuse of discretion. *Zitlaw v. State,* 880 N.E.2d 724, 728 (Ind.Ct.App.2008), *trans. denied.* In reviewing a trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* at 728–29.

In this case, the trial court dismissed the information pursuant to Indiana Code section 35–34–1–4 (1983), which provides, in relevant part:

(a) The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

(1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.

(2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.

(3) The grand jury proceeding was defective.

(4) The indictment or information does not state the offense with sufficient certainty.

(5) The facts stated do not constitute an offense.

(6) The defendant has immunity with respect to the offense charged.

(7) The prosecution is barred by reason of a previous prosecution.

(8) The prosecution is untimely brought.

(9) The defendant has been denied the right to a speedy trial.

(10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.

(11) Any other ground that is a basis for dismissal as a matter of law.

850

■ As a general rule, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true. *State v. Bilbrey,* 743 N.E.2d 796, 798 (Ind.Ct.App.2001). Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss. *State v. Isaacs,* 794 N.E.2d 1120, 1122 (Ind.Ct.App. 2003). A hearing on a motion to dismiss is not a trial of the defendant on the offense charged. *See id.* (noting that the facts "permitted to be raised under [Indiana Code] Section 35–34–1–8 typically concern only pre-trial matters").

■ In the order dismissing the information, the trial court cited three grounds from Indiana Code section 35–34–1–4(a): the facts stated do not constitute an offense; there exists a jurisdictional impediment to the conviction of the defendant for the offense charged; and any other ground that is a basis for dismissal as a matter of law. The State argues that the facts against Gill, as stated in the information, establish that he committed an offense. In the information, the State alleged that Gill committed domestic battery in Vigo County by knowingly or intentionally touching T.G., who is or was Gill's spouse, in a rude, insolent or angry manner resulting in bodily injury. The probable cause affidavit further elaborates upon Gill's alleged criminal conduct. These facts are sufficient to state an offense. *See* Ind.Code § 35–42–2–1.3(a); *State v. Helton,* 837 N.E.2d 1040, 1042 (Ind.Ct.App.2005) (reversing the trial court's dismissal of an information charging the defendant with domestic battery).

Gill argues that dismissal of the information was appropriate pursuant to *State v. Fettig,* 884 N.E.2d 341 (Ind.Ct.App.2008), but that case is distinguishable. In *Fettig,* a teacher grasped a student by the chin, and the State charged the teacher with battery. The trial court dismissed the

charging information on the teacher's motion. On appeal, the State asserted that the teacher had raised issues of fact in her motion as to the reasonableness of her actions, and dismissal was inappropriate. This Court disagreed, determining that trial courts have "a certain level of discretion to determine factual issues when considering motions to dismiss informations." *Id.* at 345. We concluded, looking to precedent in which jury verdicts had been reversed, that the judiciary has the ability "to determine whether a teacher has acted within the bounds of her authority to discipline when striking a student." *Id.* at 346. By contrast, the current case does not involve student discipline, but rather domestic battery, and it is an abuse of discretion to dismiss a case pursuant to Indiana Code section 35–34–1–4(a)(5) where the State has stated facts sufficient to constitute an offense.

■ Next, the State contends that there is no jurisdictional impediment to convicting Gill of domestic battery. Gill disagrees, noting that T.G. testified in court that the alleged incident may have occurred in the state of Illinois rather than in Vigo County, Indiana, and that her memory is faulty. However, the State alleged in the information and probable cause affidavit that Gill committed the crime in Vigo County, Indiana. Thus, there is a question of fact as to whether the alleged crime occurred outside the jurisdiction of Indiana. This question of fact should be resolved at trial. *See Isaacs,* 794 N.E.2d at 1122–23 (concluding that dismissal of a charge against the defendant was inappropriate because the defendant's factual defense to the charge was more appropriately decided at trial).

Gill contends that proceeding to trial in the absence of jurisdiction over the alleged crime violates his constitutional right to be charged and tried in the jurisdiction where

the alleged crime occurred. We disagree. The issue of jurisdiction depends on the location of the alleged crime, which is a disputed question of fact. Therefore, the matter is not appropriately resolved by a motion to dismiss. *See State v. Houser,* 622 N.E.2d 987, 988 (Ind.Ct.App.1993), *trans. denied* (reversing the dismissal of an information where the State alleged all of the elements of the offense of theft, even though the defendant contended that there was no evidence to support one of the elements of theft).

■ Finally, the State asserts that the trial court erred by determining that there are other grounds for dismissal as a matter of law. We agree. Gill argued to the trial court that there is no evidence that he committed the crime and further asserted that the alleged crime did not occur in Vigo County, Indiana. We have addressed those arguments. The sole remaining ground Gill submitted to the trial court was that the alleged victim, T.G., asserted that she no longer accused Gill of battery and requested that the charge be dismissed. The victim's decision to recant prior statements does not necessarily prevent a trial. *See Helton,* 837 N.E.2d at 1042 (noting that the alleged victim's recantation of her allegations was insufficient grounds to dismiss the State's information). Thus, the trial court abused its discretion by dismissing the information.

## CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

KIRSCH, J., and DARDEN, J., concur.