**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender's Office

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 19 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DONZAHE PEARSON,          )
                          )
    Appellant-Defendant,  )
                          )
        vs.               )      No. 49A02-1202-CR-119
                          )
STATE OF INDIANA,         )
                          )
    Appellee-Plaintiff.   )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
Cause No. 49F15-1110-FD-74014

**October 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

In this interlocutory appeal, Donzahe Pearson challenges the trial court's denial of his motion to dismiss the State's charge that he is a sex offender who failed to possess valid identification, a Class D felony. Ind. Code § 11-8-8-15 (2007). We affirm and remand.

Pearson is subject to Indiana's sex offender registry requirements due to a prior conviction for child molesting. On September 25, 2011, Pearson was released from the Indiana Department of Correction. He rented a room at a hotel. On September 28, 2011, Pearson filled out a sex offender registration form for local law enforcement. On the form, he listed the hotel as his "current address," Appellant's App. p. 29, although he provided an incorrect street address for the hotel. Pearson also listed his mother as his next of kin and provided her address on the form.

On September 30, 2011, the Indiana Bureau of Motor Vehicles ("BMV") issued a driver's license to Pearson. The license lists his parents' address as his address. Pearson's counsel argued to the trial court that the BMV would not allow the use of the hotel's address on the license because Pearson could not prove that he lived there, but the BMV accepted his parents' address. However, there are no facts in the record to support this argument.

On October 14, 2011, an officer went to the hotel to determine whether Pearson was complying with his registry requirements. Pearson told the officer that he had been living at the hotel for over four weeks. The officer concluded that the address on Pearson's driver's license was inaccurate and arrested him.

2

The State charged Pearson with failure to possess valid identification. Pearson filed a motion to dismiss the charging information, and the State filed a response. The trial court denied Pearson's motion after a hearing. Upon Pearson's motion, the trial court certified its ruling for interlocutory review, and this Court accepted the interlocutory appeal.

Pearson presents the following restated issue for review: Whether the trial court abused its discretion in denying his motion to dismiss.

As a general rule, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true. *State v. Gill*, 949 N.E.2d 848, 850 (Ind. Ct. App. 2011), *trans. denied*. We review a trial court's denial of a motion to dismiss for an abuse of discretion. *Ceaser v. State*, 964 N.E.2d 911, 918 (Ind. Ct. App. 2012), *trans. denied*. We therefore reverse only where the decision is clearly against the logic and effects of the facts and circumstances. *Id.* Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss. *Id.*

A defendant may move to dismiss an information based upon any of the following grounds:

(1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.

(2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.

(3) The grand jury proceeding was defective.

(4) The indictment or information does not state the offense with sufficient certainty.

3

(5) The facts stated do not constitute an offense.

(6) The defendant has immunity with respect to the offense charged.

(7) The prosecution is barred by reason of a previous prosecution.

(8) The prosecution is untimely brought.

(9) The defendant has been denied the right to a speedy trial.

(10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.

(11) Any other ground that is a basis for dismissal as a matter of law.

Ind. Code § 35-34-1-4 (1983).

Here, Pearson argues that the information must be dismissed because "he has disproved one of the essential elements of the charge." Appellant's Reply Br. p. 1. Specifically, he contends that his driver's license is valid pursuant to the BMV's requirements and that the State may not collaterally attack the BMV's decision to issue a license to him.[1]

Pursuant to the statute under which Pearson has been charged, a sex or violent offender who is a resident of Indiana "shall obtain and keep in the sex or violent offender's possession: (1) a valid Indiana driver's license . . . ." Ind. Code § 11-8-8-15. The statutes that address registration of sex offenders do not define a "valid Indiana driver's license." Therefore, we look to the statutes that govern the BMV. Indiana Code section 9-24-11-5(a) (2010) provides that a driver's license must contain "[t]he address of the principal residence of the . . . licensee." For purposes of that statute, "residence" is

---

[1] The State claims that Pearson has waived this contention by failing to present it to the trial court. Having reviewed the record, we disagree with the State and address the merits of Pearson's appeal.

defined as "the place . . . where a person has the person's true, fixed, and permanent home and principal establishment; and . . . to which the person has, whenever absent, the intention of returning." Ind. Code § 3-5-2-42.5 (1995) (made applicable to Ind. Code § 9-24-11-5 by 140 Ind. Admin. Code 7-1.1-1(mm) (2009)).

In this case, there is a factual dispute as to whether the address on Pearson's driver's license is his "principal residence" for purposes of Indiana Code section 9-24-11-5. As Pearson notes, the BMV issued a license to him bearing his parents' address. However, there is no evidence in the record describing the information Pearson provided to the BMV and the circumstances under which Pearson received his license, merely statements by Pearson's attorney. Furthermore, when the officer went to the hotel to check up on Pearson, he told the officer that he had lived at the hotel "for over four weeks." Appellant's App. p. 19. Thus, one could argue that the hotel, rather than Pearson's parents' home, was Pearson's "permanent home and principal establishment." If the hotel is Pearson's residence, then his driver's license does not comply with the requirements of Indiana Code section 9-24-11-5 and is invalid for purposes of the charging information.

Pearson nonetheless notes that according to the BMV's records, his license is "VALID." Appellant's App. p. 32. This notation, Pearson claims, precludes any further argument as to the validity of his license. We disagree. It cannot be said that the BMV has the resources to proactively investigate the truthfulness of each application for a driver's license or to monitor the ongoing validity of the address on every driver's license it issues. Therefore, in Indiana an applicant for a driver's license bears the burden of

providing a truthful address. *See* Ind. Code § 35-43-5-2(c) (2006) (stating that knowingly or intentionally providing a false address when applying for a driver's license is a Class D felony). In addition, a person who fails to timely seek a new driver's license after changing his address commits a Class C infraction. *See* Ind. Code §§ 9-24-13-4 (2007), -5 (1991). We therefore reject Pearson's claim that the BMV's record is irrefutable evidence of the validity of his license.

The facts surrounding the issuance of Pearson's license and his residence must be determined at trial and are not ripe for resolution on a motion to dismiss. *See State v. Houser,* 622 N.E.2d 987, 988 (Ind. Ct. App. 1993) (rejecting a defendant's claim on a motion to dismiss that there was a lack of evidence to support one of the elements of the charged offense because the claim was, in essence, a challenge to the sufficiency of the evidence), *trans. denied.* The trial court did not abuse its discretion in denying Pearson's motion to dismiss.

For the reasons stated above, we affirm the judgment of the trial court and remand for further proceedings.

Affirmed and remanded.

MATHIAS, J., and BRADFORD, J., concur.