# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JOEL M. SCHUMM**
**SARAH V. BOWERS**
Certified Legal Intern
Appellate Clinic Indiana University
Robert H. McKinney School of Law
Indianapolis, Indiana

**FILED**

Jan 04 2013, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 78A05-1206-CR-311 |
| | ) | |
| DANIEL E. RILEY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE SWITZERLAND CIRCUIT COURT
The Honorable W. Gregory Coy, Judge
Cause No. 78C01-1112-CM-348

**January 4, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

The State appeals the trial court's dismissal of Class B misdemeanor battery charges against Daniel Riley. The State raises one issue on appeal, which we restate as whether the trial court abused its discretion in granting Riley's motion to dismiss. Concluding that the trial court did abuse its discretion, we reverse.

## Facts and Procedural History

On the night of December 9-10, 2011, Riley visited the Belterra Casino in Switzerland County. It seems that Riley wanted to play blackjack at a specific table or seat, but because that seat was reserved, the pit boss Peggy Warfield would not let him play there. Upset, Riley jabbed Warfield in the shoulder and then told security that he wanted to file a complaint against the casino. Security called Audrey Smoot, an Indiana Gaming Agent, to inform her that Riley wanted to file a complaint. Riley told Smoot that he was upset, and then went with her to the Indiana Gaming office to file a complaint. At the office, Riley decided not to proceed with his complaint. Smoot was then informed that Warfield wanted to press charges against Riley. Smoot obtained identification from Riley, questioned him, and reviewed a surveillance video of the incident. Smoot then decided that charges should be filed against Riley for battery and that he should be evicted from the casino. Smoot judged Riley to be too intoxicated to drive, and upon learning that he was already checked into a hotel room at the casino resort, the casino decided to give Riley several hours to sober up before evicting him.

2

On December 19, 2011, the State charged Riley with battery against Warfield. Smoot was the affiant for the information, affirming under penalty of perjury that on December 10, Riley knowingly or intentionally touched Warfield in a rude, insolent, or angry manner. The information was signed by the prosecutor, and a summons was issued for Riley to appear at an initial hearing. In April 2012, Riley filed a motion to dismiss the information, complaining that Smoot had signed the information. A hearing was held, at which Riley also argued that Smoot was acting outside of her jurisdiction in investigating the incident because it was a non-gaming incident that she did not directly witness. The court granted the motion, dismissing without prejudice. The State filed a motion to correct error, which was denied. The State now appeals.

## Discussion and Decision

### I. Standard of Review

The State appeals pursuant to Indiana Code section 35-38-4-2, which allows the State to appeal an order granting a motion to dismiss an information. On appeal, we will review a trial court's grant of a motion to dismiss an information for an abuse of discretion. State v. Gill, 949 N.E.2d 848, 849 (Ind. Ct. App. 2011), trans. denied. In reviewing a trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and circumstances. Id.

### II. Dismissal of Information

While much time and space were spent on the appropriateness of Smoot's questioning of Riley and investigation into the incident underlying the battery charge, both in the memo

3

and hearing below as well as in the briefs for this appeal—in fact it is the only issue really discussed in Riley's brief—the motion in question was to dismiss the information, and so Smoot's investigation is only relevant insofar as the lawfulness of the investigation affects the bringing of the charges. The State argues that even if Smoot was acting outside of her jurisdiction when she questioned Riley, that does not affect the right of the State to try the case. Case law supports this proposition. Schweitzer v. State, 531 N.E.2d 1386, 1388 (Ind. 1989) ("Even if the probable cause testimony was deficient, the trial court properly denied the defendant's motion to dismiss the criminal deviate conduct charge as the information was not used as the basis for the arrest of the defendant."); Felders v. State, 516 N.E.2d 1, 2 (Ind. 1987) ("An invalid arrest does not affect the right of the State to try a case nor does it affect the judgment of conviction."); Gilliam v. State, 270 Ind. 71, 383 N.E.2d 297, 303 (1978) (noting that the probable cause affidavit goes to pre-trial detention, and that that process is distinct from and does not directly affect the bringing of charges or the validity of a conviction); Pond v. State, 808 N.E.2d 718, 721 (Ind. Ct. App. 2004) ("[L]ack of probable cause is not grounds for dismissing a charging information" and "[t]he legality or illegality of an arrest is pertinent only as it affects the admission of evidence obtained through a search incident to arrest and has no bearing upon one's guilt or innocence."), trans. denied.

Having disentangled the investigation from the charging information, we need not determine whether Smoot's investigation was within her jurisdiction, but need only determine whether the charging information was proper, where it was affirmed to by Smoot

4

and not the victim, a law enforcement officer, or the prosecutor.[1] There are several statutory grounds for dismissal of an information, including a catch-all that allows the court to dismiss for any ground that is a basis as a matter of law. Ind. Code § 35-34-1-4(a). The court here did not issue findings of fact and conclusions of law, although the transcript from the hearing gives some insight into the court's rationale.[2] It appears that the trial court may have believed that Smoot's investigation was outside of her jurisdiction and that could affect the charges; it also appears that the trial court agreed with Riley that Smoot was not qualified to affirm the information, stating that the charges were being dismissed without prejudice so that "the State, if they wish, can re-file with a sworn affidavit from the alleged victim or from a law enforcement officer that meets the requirement of the statute here." Transcript of Motion to Dismiss Hearing at 14.

While there may be several possible grounds for dismissal of an information, we can find no support for the proposition that Smoot acting as affiant would be one of them. Nor has any other basis been alleged. While it may be more common to have a law enforcement officer or prosecutor affirm the information, it is not required by the plain language of the statute, nor by any case law that we can find or that the parties cite. The Indiana code

---

[1] If Smoot acted outside of her jurisdiction and unlawfully detained Riley, then his remedies might include release from custody if he were still detained, suppression of a confession or other evidence obtained during the unlawful detention, or filing suit. See Morris v. State, 272 Ind. 467, 399 N.E.2d 740, 744 (1980) (inadmissibility of evidence gathered during an unlawful detention); Taylor v. State, 273 Ind. 558, 406 N.E.2d 247, 251 (1980) (suppression of a confession following illegal detention); Harness v. Steele, 159 Ind. 286, 64 N.E. 875, 878 (1902) (availability of an action against the officer who illegally detained the defendant). But his remedies do not include an automatic dismissal of the charges against him.

[2] We remind the trial court that findings of fact are required following a hearing on a motion to dismiss an information, pursuant to Indiana Code section 35-34-1-8(f).

5

requires that an information "be signed by the prosecuting attorney or his deputy and sworn to or affirmed by him <u>or any other person</u>." Ind. Code § 35-34-1-2(b) (emphasis added). The plain language of this statute does not place a limit on who may affirm the information, and what case law can be found also does not indicate a limit. <u>Bowling v. State</u>, 248 Ind. 663, 230 N.E.2d 439, 442 (1967) (noting that absence of a prosecuting witness's signature on the affidavit did not deprive the court of jurisdiction); <u>Alstott v. State</u>, 205 Ind. 92, 185 N.E. 896, 898 (1933) ("Any person may swear to an affidavit."); <u>Lashley v. State</u>, 745 N.E.2d 254, 259 (Ind. Ct. App. 2001) ("[A] prosecuting witness' signature serves simply to foreclose the filing of frivolous charges by imposing the penalties of perjury upon the prosecuting witness."), <u>trans. denied</u>. <u>Lashley</u> indicates the policy behind the requirement of a signed affidavit in the information, and we note that that policy was upheld here where Smoot, who had viewed the incident on video tape, swore to the incident under penalty of perjury. 745 N.E.2d at 259.

Because the information was proper even with Smoot as an affiant, and because there appears to have been no other basis for the dismissal (other than possibly a mistaken belief that an unauthorized investigation would affect the information), the trial court abused its discretion in granting the dismissal.

Conclusion

Concluding that there was no ground for dismissing the information and that the trial court therefore abused its discretion, we reverse.

Reversed.

MAY, J., and PYLE, J., concur.