

FILED

Aug 16 2016, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

*v.*

Yvonne S. Morgan,

*Appellee-Defendant.*

August 16, 2016

Court of Appeals Case No.
89A04-1603-CR-622

Appeal from the Wayne Superior
Court

The Hon. Gregory A. Horn, Judge

Trial Court Cause No. 89D02-1409-
FB-48

**Bradford, Judge.**

## Case Summary

[1] In September of 2014, Appellant-Plaintiff the State of Indiana charged Appellee-Defendant Yvonne Morgan with Class B felony conspiracy to commit dealing in a schedule III controlled substance and Class C felony corrupt

business influence. Approximately one year later, Morgan moved to dismiss the charges against her, and the State filed an amended information charging Morgan with two counts of Class B felony conspiracy to commit dealing in a schedule III controlled substance, Class C felony corrupt business influence, and three counts of Class B felony aiding dealing in a schedule III controlled substance. Morgan filed a renewed motion to dismiss all of the charges against her, which motion the trial court granted. The State now appeals, arguing that the trial court abused its discretion in granting Morgan's motion to dismiss. Because we agree, we reverse and remand with instructions to reinstate the charges against Morgan.

# Facts and Procedural History

[2] According to the probable cause affidavit filed in this case, in 2008 the United States Drug Enforcement Administration ("DEA") began investigating Dr. Larry Ley, who oversaw the treatment of addiction at several clinics in Indiana operating as part of Drug & Opiate Recovery Network, Inc. ("DORN") of Living Life Clean, LLC ("LLC"). The clinic in Wayne County at which Morgan worked as a registered nurse ("the Clinic") had been affiliated with DORN since 2007. The DEA investigation into the Clinic discovered that it was run by Dr. Ronald Vierk and was open approximately three days a month from 4:00 p.m. until 6:30 p.m.

[3] Between November of 2013 and April of 2014, DEA investigators conducted several periods of surveillance on the Clinic and observed between sixty and

one hundred patients enter the Clinic during each open period. On November 27, 2013, investigators observed Morgan arrive at the Clinic in a vehicle registered to DORN. No other medical personnel were observed at the Clinic, approximately eighty-nine patients entered, and records indicate that at least seventy-one Suboxone prescriptions were issued by Dr. Vierk.

[4] On April 16, May 14, and June 11, 2014, an undercover investigator visited the Clinic. On April 16, the officer was told that Dr. Vierk had already left but had left multiple prescriptions behind. The officer met Morgan once inside the Clinic and received a prescription for Suboxone signed by Dr. Vierk. Morgan did not request identification, perform a comprehensive interview, or conduct any physical examination. On May 14, 2014, the officer visited the Clinic and received a Suboxone prescription from Morgan in exchange for $160.00. While Dr. Vierk was there, he discussed only the weather with the officer during the encounter, which lasted less than two minutes. On June 11, 2014, the officer went to the clinic and received a Suboxone prescription from Morgan in exchange for $160.00. Dr. Vierk asked the officer if his dosage was good and how much Suboxone he was taking, but did not request identification, interview the officer, or conduct a physical examination.

[5] On September 22, 2014, the State charged Morgan with Class B felony conspiracy to commit dealing in a schedule III controlled substance and Class C felony corrupt business influence. On August 19, 2015, Morgan moved to dismiss the charges. On September 16, 2015, the State filed an amended information charging Morgan with two counts of Class B felony conspiracy to

commit dealing in a schedule III controlled substance, Class C felony corrupt business influence, and three counts of Class B felony aiding dealing in a schedule III controlled substance. The six counts read as follows:

COUNT I:

[B]etween November 27, 2013, and June 11, 2014, Yvonne S. Morgan, with the intent to commit Dealing in a Schedule III Controlled Substance agreed with Ronald Vierk, M.D. to commit Dealing in a Schedule III Controlled Substance and Ronald Vierk, M.D. performed an overt act, to-wit: prescribed a Schedule III Controlled Substance outside the usual course of professional medical practice in furtherance of the agreement, contrary to Indiana law.

COUNT II:

[B]etween November 27, 2013, and June 11, 2014, Yvonne S. Morgan, with the intent to commit Dealing in a Schedule III Controlled Substance agreed with Ronald Vierk, M.D. to commit Dealing in a Schedule III Controlled Substance and Yvonne S. Morgan performed an overt act, to-wit: delivered a pre-signed prescription form to an undercover law enforcement officer which was done outside the usual course of professional medical practice in furtherance of the agreement, contrary to Indiana law.

COUNT III:

[B]etween December 9, 2011, and June 30, 2014, Yvonne S. Morgan, was employed by or associated with an enterprise, to-wit: DORN a/k/a Drug & Opiate Recovery Network and knowingly or intentionally conducted or otherwise participated in the activities of that enterprise through a pattern of racketeering activity, to-wit: Dealing in a Schedule III Controlled Substance by committing two or more of the following overt acts:

1) Yvonne S. Morgan served as the point of contact and/or office manager for the DORN Office at 801 Airport Road, Centerville, Indiana.

2) On or about November 27, 2013, Yvonne S. Morgan was present at the DORN office at 801 Airport Road, Centerville, Indiana, and delivered prescriptions that had been prepared outside the usual course of professional medical practice,

3) On or about January 15, 2014, Yvonne S. Morgan was present at the DORN office at 801 Airport Road, Centerville, Indiana, and delivered prescriptions that had been prepared outside the usual course of professional medical practice.

4) On or about April 16, 2014, Yvonne S. Morgan was present at the DORN office at 801 Airport Road, Centerville, Indiana, and delivered prescriptions that had been prepared outside the usual course of professional medical practice.

5) On or about May 14, 2014, Yvonne S. Morgan was present at the DORN office at 801 Airport Road, Centerville, Indiana, and delivered prescriptions that had been prepared outside the usual course of professional medical practice.

6) On or about June 11, 2014, Yvonne S. Morgan was present at the DORN office at 801 Airport Road, Centerville, Indiana, and delivered prescriptions that had been prepared outside the usual course of professional medical practice.

COUNT IV:

[O]n or about April 16, 2014, in Wayne County, State of Indiana, Yvonne S. Morgan did knowingly or intentionally aid another person, to-wit: Dr. Ronald Vierk, M.D., to commit the offense of Dealing In A Schedule III Controlled Substance by delivering a prescription to an undercover law enforcement agent that had been prepared outside the usual course of professional medical practice, contrary to Indiana law.

COUNT V:

[O]n or about May 14, 2014, in Wayne County, State of Indiana, Yvonne S. Morgan did knowingly or intentionally aid another

person, to-wit: Dr. Ronald Vierk, M.D., to commit the offense of Dealing In A Schedule III Controlled Substance by delivering a prescription to an undercover law enforcement agent that had been prepared outside the usual course of professional medical practice, contrary to Indiana law.

COUNT VI:

[O]n or about June 11, 2014, in Wayne County, State of Indiana, Yvonne S. Morgan did knowingly or intentionally aid another person, to-wit: Dr. Ronald Vierk, M.D., to commit the offense of Dealing In A Schedule III Controlled Substance by delivering a prescription to an undercover law enforcement agent that had been prepared outside the usual course of professional medical practice, contrary to Indiana law.

Appellant's App. pp. 33-35

[6] On November 3, 2015, Morgan renewed her motion to dismiss, seeking dismissal of all six counts against her on the basis that the charging information lacked sufficient evidence to show that the alleged facts constitute offenses and the criminal statutes in question were void for vagueness as applied to her. The trial court held a hearing on Morgan's motion to dismiss on November 17, 2015, and granted Morgan's motion on March 1, 2016, dismissing all six charges. The trial court essentially concluded that, because Morgan was not a licensed physician, there was no way that the State could prove the *mens rea* necessary for conviction, *i.e.*, that she knew that hers and Dr. Vierk's actions were outside the usual course of professional medical practice.

# Discussion and Decision

# Background

The Indiana Legend Drug Act provides, in part, that "a prescription or drug order for a legend drug is not valid unless the prescription or drug order is issued for a legitimate medical purpose by a practitioner acting in the usual course of the practitioner's business" and that "[a] practitioner may not knowingly issue an invalid prescription or drug order for a legend drug." Ind. Code § 16-42-19-20. We have held that "[w]hen … a physician acts without any legitimate legal purpose and beyond the course of professional practice by selling prescriptions that allow the bearer to obtain controlled substances, his conduct should be treated like any street-corner pill-pusher." *Alarcon v. State*, 573 N.E.2d 477, 481 (Ind. Ct. App. 1991) (citations omitted), *trans. denied*. Thus, under Indiana law, the issuance of invalid prescriptions for controlled substances can support charges for dealing in a controlled substance pursuant to Indiana Code section 35-48-4-2. *See id*. Here, Morgan's charges are all based on allegations that she participated with Dr. Vierk in the ongoing delivery of invalid prescriptions for Suboxone.

## I. Whether Morgan's Actions, if Proven, Constitute Criminal Acts

The State argues that the trial court abused its discretion in dismissing the charges filed against Morgan because, if proven, her actions would constitute criminal offenses. Pursuant to Indiana Code section 35-38-4-2(1), the State may seek review of "an order granting a motion to dismiss one (1) or more counts of an indictment or information." We review a trial court's grant of a motion to

dismiss an information for an abuse of discretion. *Zitlaw v. State*, 880 N.E.2d 724, 728 (Ind. Ct. App. 2008), *trans. denied.* In reviewing a trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* at 728-29.

[9] The trial court dismissed the information pursuant to Indiana Code section 35-34-1-4, which provides, in relevant part, that "[t]he court may, upon motion of the defendant, dismiss the indictment or information [if t]he facts stated do not constitute an offense." As a general rule, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true. *State v. Bilbrey,* 743 N.E.2d 796, 798 (Ind. Ct. App. 2001). Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss. *State v. Isaacs,* 794 N.E.2d 1120, 1122 (Ind. Ct. App. 2003). A hearing on a motion to dismiss is not a trial of the defendant on the offense charged. *See id*. (noting that the facts "permitted to be raised under [Indiana Code] Section 35-34-1-8 typically concern only pre-trial matters").

[10] As mentioned, the basis of the trial court's dismissal of all of the charges against Morgan was its conclusion that it was impossible for Morgan to have known, as a non-physician, whether her actions and those of Dr. Vierk were outside the usual course of professional medical practice. The State counters that the question is one of fact for the jury, not appropriately addressed in a motion to dismiss. We agree with the State.

Morgan cites to no authority for the proposition that a non-physician can never know whether certain conduct is outside the usual course of professional medical practice, and our research has uncovered none. Without clear and compelling precedent, we will not write requirements into statutes that simply do not appear in the text. In any event, it seems clear that, far from being impossible, there are many ways by which the State could prove the necessary *mens rea* in this and similar cases.

There are other practical issues with the trial court's position. For instance, the trial court's ruling, if taken to its logical conclusion, does not just mean that physicians[1] are the only persons who could ever be convicted under the type of circumstances alleged in this case. If one accepts that non-physicians cannot know, as a matter of law, whether conduct falls outside the usual course of professional medical practice, then they cannot be judges or jurors sitting in judgment of physicians accused of acting in such a manner. As a practical

---

[1] Another question would be whether the rule should be limited to physicians or applied to other persons who may write prescriptions. Pursuant to the Indiana Legend Drug Act, the following may write prescriptions in Indiana:

> (1) A physician licensed under IC 25-22.5.
> (2) A veterinarian licensed to practice veterinary medicine in Indiana.
> (3) A dentist licensed to practice dentistry in Indiana.
> (4) A podiatrist licensed to practice podiatric medicine in Indiana.
> (5) An optometrist who is:
>     (A) licensed to practice optometry in Indiana; and
>     (B) certified under IC 25-24-3.
> (6) An advanced practice nurse who meets the requirements of IC 25-23-1-19.5.
> (7) A physician assistant licensed under IC 25-27.5 who is delegated prescriptive authority under IC 25-27.5-5-6.

Ind. Code § 16-42-19-5.

matter,[2] pursuant to the trial court's ruling, no person, physician or otherwise, could ever be convicted in Indiana of a crime involving a question of whether certain conduct fell outside the usual course of professional medical practice. We conclude that the trial court abused its discretion in dismissing Morgan's charges on the basis that she is not a physician.

## II. Void for Vagueness

[13] Morgan also contends that the criminal statutes in question are void for vagueness as applied to her. Although this particular argument was not reached by the trial court, we address it in the interest of finality and judicial economy. The State charged Morgan with two counts of Class B felony conspiracy to commit dealing in a schedule III controlled substance,[3] Class C felony corrupt business influence,[4] and three counts of Class B felony aiding dealing in a schedule III controlled substance.[5]

> Upon a challenge that a statute is unconstitutional, we presume the statute is constitutional. *Baumgartner v. State*, 891 N.E.2d 1131, 1136 (Ind. Ct. App. 2008). The burden is on the defendant to rebut this presumption, and we resolve all reasonable doubts in favor of the constitutionality of the statute. *Id.* A criminal statute may be void for vagueness for either of two independent reasons:

[2] Although it might be theoretically possible to seat a jury composed entirely of physicians, it seems to us to be a practical impossibility.

[3] Ind. Code §§ 35-41-5-2; 35-48-4-2(a)(1)(C).

[4] Ind. Code §§ 35-45-6-2(3); 35-45-6-1(d); 35-45-6-1(e).

[5] Ind. Code §§ 35-41-2-4; 35-48-4-2(a)(1)(C).

(1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement. *Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007). With regard to notice to ordinary people, the statute need only inform people of the generally proscribed conduct; it need not list specifically each item of prohibited conduct. *Baumgartner*, 891 N.E.2d at 1136. Additionally, in order to avoid arbitrary or discriminatory enforcement of the statute, there must be in the statute a line of demarcation between trivial and substantial acts. *Id.* Assessment of a vagueness challenge is limited to the facts and circumstances of each case. *Brown*, 868 N.E.2d at 467.

*Houston v. State*, 898 N.E.2d 358, 362 (Ind. Ct. App. 2008), *trans. denied*.

[14] Morgan's argument is, as with her previous one, based on her status as a non-physician, specifically that she cannot possibly know what conduct is proscribed because she cannot know whether conduct falls outside the usual course of professional medical practice, a fact the State is required to establish to prove each of the six charges against Morgan. For the reasons explained above, we have rejected this premise. To reiterate, there is no legitimate legal reason to conclude that a non-physician could not—under any circumstances—be made to understand that certain conduct falls outside the usual course of professional medical practice.

[15] That said, we have little trouble concluding that the statutes in question are not void for vagueness as applied to Morgan. The Indiana Supreme Court has concluded that "[a] statute is not void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them

of the generally proscribed conduct." *Brown*, 868 N.E.2d at 467 (citation omitted). Reading the statutes at issue in this case, a person of ordinary intelligence would easily understand that agreeing with or assisting a physician to distribute prescriptions for controlled substances—prescriptions that person knows to be invalid—is proscribed conduct. As mentioned, any allegation that the prescriptions were known to be issued outside the usual course of professional medical practice would have to be proved, just as any other element of a criminal charge. Morgan has failed to establish that the statutes used to charge her are void for vagueness as to her.

[16] We conclude that the trial court abused its discretion in dismissing the criminal charges against Morgan on the basis that the facts alleged did not constitute criminal offenses. We further conclude that Morgan has failed to establish that the criminal statutes in question were void for vagueness as applied to her. We therefore reverse the judgment of the trial court and remand with instructions to reinstate the criminal charges against Morgan.

[17] The judgment of the trial court is reversed and we remand with instructions.

Pyle, J., and Altice, J., concur.