## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 31 2019, 7:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Rebecca M. Collins
Plymouth, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Eastlund B. Wendell,

*Appellee-Defendant*

October 31, 2019

Court of Appeals Case No.
19A-CR-1617

Appeal from the Marshall Superior Court

The Honorable Dean A. Colvin, Judge

Trial Court Cause No.
50D02-1812-CM-1326

**Bailey, Judge.**

# Case Summary

[1] The State challenges the trial court order granting Eastlund B. Wendell's ("Wendell") motion to dismiss the criminal mischief charge[1] against him. It raises one issue on appeal which we restate as: whether the trial court abused its discretion when it granted Wendell's motion to dismiss on grounds of immunity.

[2] In the absence of findings of fact to support dismissal on grounds of immunity, *see* I.C. § 35-34-1-8(6), we reverse and remand.

# Facts and Procedural History

[3] On December 20, 2018, the State charged Wendell with criminal mischief, as a Class A misdemeanor. The charging information states: "Eastlund Barker Wendell did, recklessly, knowingly or intentionally without the consent of Pat Eddy damage or deface the property of Pat Eddy, to-wit: windows on his [sic] white 2019 Lincoln; resulting in a pecuniary loss in an amount of at least $750 but less than $50,000, to-wit: approximately $970.00 dollars." App. at 8. On April 3, 2019, Wendell filed a motion to dismiss the charge on the grounds that he was immune from criminal liability pursuant to Indiana Code Section 34-30-30-3. Wendell's motion to dismiss was signed by him but not verified or

---

[1] Ind. Code § 35-43-1-2(a)(1).

otherwise sworn by him, and no affidavits or other documentary evidence were attached to or submitted with his motion to dismiss.

[4]     On April 22, the State filed its response to the motion to dismiss and the "Incident/Investigation Report,"[2] the latter of which stated, in relevant part:

> On Tuesday November 13th, 2018[,] at approximately 6:52 p.m., Marshall County Dispatch received a call from an Eastlund Wendell stating that there is a White SUV parked at Laville Elementary School with a dog inside and the alarm going off.
>
> ***
>
> [Approximately an hour later, Marshall County Police Officer Giordano ("Officer Giordano")] traveled throughout the lot looking for the White SUV, however [he] was unsuccessful in locating it. [Dispatch later informed Officer Giordano] that the caller had tried to flag [him] down in the lot however was unable to do so. The caller also advised that the White SUV had left the parking lot a few minutes prior to [Officer Giordano's] arrival. Dispatch stated that the caller advised he was concerned about what he had done, however it was in regard to the welfare of the dog.
>
> The following day, … Dispatch received a call from a Pat Eddy, whom [sic] advised that she had two broken car windows on her white Lincoln SUV that had been parked at Laville Elementary School the previous evening.

---

[2] The parties refer to this report as "the police report."

\*\*\*

> [Officer Giordano] later made contact with the caller Eastlund Wendell … [who] stated that he was very concerned for the welfare of the dog given the "conditions."  Eastlund stated that while walking into the school, he noticed the dog barking from inside the SUV while passing by it.  Eastlund added that there was also an alarm going off, however not audible, only a red light flashing.  Eastlund notified the Sheriff's Dep[artment] of the situation at which time he was encouraged to go into the school and have staff deliver a message aloud in regard to the animal that he felt was in distress.  Eastlund advised he went into the school for the program, never delivering a message[,] and returned to the lot once the program had ended.  [H]e then notified Dispatch a second time, stating that he had broken the window, and the vehicle and its driver had since left the lot, having never made contact with the vehicle owner. …
>
> The following day, [Officer Giordano] spoke on the phone with Mrs. Eddy, who … stated that she was in the school for no more than an hour attending the program while this incident took place.  Mrs. Eddy added that the dog had a wool coat on and [she] felt it was fine in the vehicle given the temperature was not freezing and [the dog was] enclosed in the vehicle for only a short time. …

*Id*. at 35.

[5]     On April 24, the trial court held a hearing at which it heard arguments of counsel regarding Wendell's motion to dismiss.  At the beginning of the hearing, the parties stipulated that the facts as alleged in the charging information were to be taken as true for purposes of the motion to dismiss.  At the conclusion of arguments, the trial court took the matter under advisement.

On May 21, the trial court issued its Order on Motion to Dismiss in which it made no findings of fact[3] and granted Wendell's motion. Under the heading "CONCLUSIONS," the Order stated, in relevant part:

> By its own statutory language Indiana Code 34-30-30-3 provides that a defendant is immune from criminal liability "if all the conditions set forth in subsection (b) are satisfied." Upon review of the record, it is the Court's determination that Wendell has satisfied the statutory definitions set out in subsection (b).
>
> In support of denying the motion, the State cited *State v. Isaacs*[;] however, the Court distinguishes [this case] from *Isaacs*, where there [were] remaining questions of fact. On review, the facts and circumstances alleged and stipulated to parallel the statutory definitions set out by Indiana Code 34-30-30-3. Therefore, there are no remaining questions of fact. Furthermore, the Court believes that Wendell's motion strictly complied with the statutory requirements set forth by Indiana Code 34-30-30-3.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant Eastlund Wendell's Motion to Dismiss is hereby granted.

*Id*. at 48.

On May 22, the State filed a motion to correct error, and, on May 29, the court held a hearing at which it heard arguments of counsel and took the matter under advisement. The trial court did not rule on the motion to correct error

---

[3] The "findings" section of the order only discusses the procedural history of the motion to dismiss. App. at 46.

within thirty days, and the motion was therefore deemed denied pursuant to Rule 53.3 of the Indiana Rules of Trial Procedure. Pursuant to Indiana Code Section 35-38-4-2(1), the State now appeals the order dismissing the charge of criminal mischief.

# Discussion and Decision

[7] Wendell filed a motion to dismiss the information on the grounds that he was immune from liability for the crime charged. We review a trial court's ruling on a motion to dismiss an information for an abuse of discretion. *E.g.*, *Pavlovich v. State*, 6 N.E.3d 969, 974 (Ind. Ct. App. 2014), *trans. denied*. An abuse of discretion occurs when the "trial court's decision is clearly against the logic and effect of the facts and circumstances." *Id*.

[8] Indiana Code Section 35-34-1-4(a)(6) provides that, upon motion of a defendant, a trial court may dismiss an indictment or information on the grounds that the "defendant has immunity with respect to the offense charged."[4] Indiana Code Section 35-34-1-8 contains the procedural requirements for a motion to dismiss made by a defendant under Indiana Code Section 35-34-1-4. One such requirement is that, '[i]f the motion is expressly or impliedly based upon the existence or occurrence of facts, the motion shall be

---

[4] Wendell also moved to dismiss under subsection (11) of Indiana Code Section 35-34-1-4, which allows such a motion for "any other ground that is a basis for dismissal as a matter of law." However, as he has raised no independent argument on "any other ground" than immunity, he has waived a claim under subsection (11). Ind. Appellate Rule 46(a)(8).

accompanied by affidavits containing sworn allegations of these facts." I.C. §
35-34-1-8(a).

[9]     Wendell contended in his motion to dismiss that his immunity from liability for
criminal mischief derived from Indiana Code Section 34-30-30-3, which
provides that a person who satisfies all of the conditions specified in subsection
(b) is immune from criminal liability for property damage resulting from the
person's forcible entry of a vehicle to remove a domestic animal. The
conditions in subsection (b) are:

> (1) A domestic animal must be present in the enclosed space of
> the motor vehicle, and the person must reasonably believe that
> the domestic animal is in imminent danger of suffering serious
> bodily harm if the domestic animal remains in the motor vehicle.
>
> (2) The person must determine that:
>
>> (A) the motor vehicle is locked; and
>>
>> (B) forcible entry of the motor vehicle is necessary to
>> remove the domestic animal from the motor vehicle.
>
> (3) The person must call telephone number 911 or otherwise
> attempt to contact
>
>> (A) a law enforcement officer;
>>
>> (B) a firefighter;
>>
>> (C) an animal control officer; or

(D) another emergency responder;

before the person forcibly enters the motor vehicle.

(4) The person must use no more force than is reasonably necessary to enter the motor vehicle and remove the domestic animal from the motor vehicle.

(5) The person must remain with the domestic animal until a law enforcement officer, firefighter, animal control officer, or other emergency responder arrives at the scene.

I.C. § 34-30-30-3(b). Thus, Wendell's claim of immunity was based upon the existence of facts demonstrating that he satisfied conditions (1) through (5), above. Therefore, he was required[5] to submit with his motion to dismiss an affidavit containing sworn allegations of those facts. I.C. § 35-34-1-8(a); *see also State v. Virtue*, 658 N.E.2d 605, 607 (Ind. Ct. App. 1995), *trans. denied*. Yet, Wendell did not attach to, or submit with, his motion any affidavits. In fact, he did not even verify his motion.

[10] Wendell seems to contend that his motion was supported on the facts as alleged by the State, alone. First, this argument ignores the statutory mandate that he support his motion with affidavits containing sworn allegations of the relevant

---

[5] We presumptively treat the word "shall" in a statute as mandatory, unless it is clear from the context or purpose of the statue that the legislature intended a different meaning. *E.g.*, *Roberson v. Lenig* ("*Matter of Paternity of J.G.L.*"), 107 N.E.3d 1086, 1092-93 (Ind. Ct. App. 2018). And there is no indication in Indiana Code Section 35-34-1-8(a) that the legislature intended for the word "shall" to mean anything other than mandatory.

facts. I.C. § 35-34-1-8(a). Second, even if a supporting affidavit was not a statutory requirement, the facts as alleged by the State in the information and police report[6] do not show that Wendell satisfied all the conditions required under Indiana Code Section 34-30-30-3(b). Neither document provided facts establishing that: the dog was in "imminent danger of suffering serious bodily harm" if it remained in the vehicle; Wendell used "no more force than reasonably necessary" to enter the vehicle and remove the dog;[7] or Wendell remained with the dog until law enforcement arrived. *Id.* The trial court's conclusion to the contrary is clearly against the logic and effect of the facts and circumstances and, therefore, an abuse of discretion.

[11] The statute permitting a motion to dismiss an information anticipates a situation in which the motion is based on the existence of facts but is not accompanied by sworn allegations of those facts. Under those circumstances, the trial court "may deny the motion without conducting a hearing." I.C. § 35-34-1-8(e)(2). However, if the trial court determines "after all papers of both parties have been filed, and after all documentary evidence has been submitted," I.C. § 35-34-1-8(c), that "a hearing is necessary to resolve questions of fact, the court shall conduct a hearing and make findings of fact essential to

---

[6] The State did not "stipulate" to the facts contained in the police report, as Wendell alleges in his brief, but the State did submit that report to the court and failed to object when Wendell referred to the report in his arguments. Tr. at 2-3. Moreover, both parties cite to the police report when discussing the facts of this case.

[7] In fact, there is nothing anywhere in the record indicating that Wendell even removed the dog from the vehicle.

the determination of the motion," I.C. § 35-34-1-8(f). *See also State v. Riley*, 980 N.E.2d 920, 923-24 n.2 (Ind. Ct. App. 2013) ("[F]indings of fact are required following a hearing on a motion to dismiss an information, pursuant to Indiana Code section 35-34-1-8(f)."), *trans. denied*. At such a hearing, the "defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion," I.C. § 35-34-1-8(f), and "[t]he trial court may hear and consider evidence beyond the charging information to determine whether the defendant may properly be charged with having committed a criminal act," *Littleton v. State*, 954 N.E.2d 1070, 1076 (Ind. Ct. App. 2011). *See also Virtue*, 658 N.E.2d at 607-08 (holding trial court erred by failing to require sworn affidavits to support facts and hold an evidentiary hearing on the motion to dismiss, but it was harmless error because the State did not challenge the facts as alleged by defendant).

[12] Here, not only did Wendell fail to provide any sworn allegations in support of his motion to dismiss, but the court failed to conduct an evidentiary hearing[8] "to establish facts that determine whether, as a matter of law, an offense has properly been charged against [the] defendant." *State v. King*, 502 N.E.2d 1366, 1369 (Ind. Ct. App. 1987) (citing I.C. § 35-34-1-8). In addition, the trial court failed to make findings of fact as also required under the statute. I.C. § 35-34-1-8(f). And, unlike in *Virtue*, this error was not harmless as the State specifically

---

[8] The court did not take evidence at the April 24, 2019, hearing on Wendell's motion to dismiss; it only heard arguments of counsel.

disagreed with key facts alleged by Wendell (e.g., the dog was in imminent danger of suffering serious bodily harm).

[13] The State cites *State v. Y.M.*, 60 N.E.3d 1121 (Ind. Ct. App. 2016), *trans. denied*, and *State v. Isaacs*, 794 N.E.2d 1120 (Ind. Ct. App. 2003), for the contention that Wendell's compliance with all the factors in Indiana Code Section 34-30-30-3(b)—i.e., his immunity—"is a question of fact that is inappropriate to resolve in a motion to dismiss." Appellant's Br. at 12. In *Isaacs* we noted that "[f]acts permitted to be raised under Section 35-34-1-8 *typically* concern only pre-trial matters," and that questions of fact "constituting a defense are not properly raised by a motion to dismiss." 794 N.E.2d at 1122 (emphasis added). However, neither *Isaacs* nor *Y.M.* held that an evidentiary hearing to resolve questions of fact may never be appropriate in a motion to dismiss. Indeed, such a holding would render subsection (f) of Indiana Code Section 35-34-1-8 meaningless. *See, e.g.*, *Lane Alan Schrader Trust v. Gilbert*, 974 N.E.2d 516, 522 (Ind. Ct. App. 2012) ("[W]e interpret provisions of an act together so that no part of it is rendered meaningless and to harmonize the provision at issue with the remainder of the statute."), *clarified on reh'g*, 978 N.E.2d 519 (Ind. Ct. App. 2012).

[14] In *Y.M.* and *Isaacs*, the defendants sought dismissal on the grounds specified in section (a)(5) of Indiana Code Section 35-34-1-4; i.e., that the facts stated in the informations did not constitute offenses because they had statutory defenses for the offenses. *Y.M.*, 60 N.E.3d at 1125-26; *Isaacs*, 794 N.E.2d at 1122-23. Neither of those cases involved a claim of immunity, which Indiana Code

Section 35-34-1-4(a)(6) specifically states is a permissible ground for a motion to dismiss. *Y.M.* and *Isaacs* are thus distinguishable from the present matter.

# Conclusion

[15] The trial court erred when it granted Wendell's motion to dismiss without supporting affidavits, an evidentiary hearing, and findings of fact, all as required by Indiana Code Section 35-34-1-8(a), (f).

[16] We reverse and remand for further proceedings.

Najam, J., and May, J., concur.