## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 06 2019, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Goldie Crews,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 6, 2019

Court of Appeals Case No.
19A-CR-273

Interlocutory Appeal from the
Crawford Circuit Court

The Hon. Sabrina R. Bell, Judge

Trial Court Cause No.
13C01-1804-F6-23

**Bradford, Judge.**

# Case Summary

Goldie Crews appeals from the trial court's denial of her motion to dismiss the charge of Level 6 felony battery against a public-safety official filed against her. Crews contends that dismissal is warranted because the State failed to rebut the evidence supporting her affirmative defense. Because a pre-trial motion to dismiss is not the proper vehicle for her claim, we affirm.

# Facts and Procedural History

On March 13, 2018, police officers were attempting to arrest Crews's son Nick at her Crawford County residence when some sort of physical altercation occurred between Crews and one of the officers. On April 2, 2018, the State charged Crews with Level 6 felony battery against a public-safety official. On July 9, 2018, Crews moved to suppress evidence. On November 29, 2018, the trial court conducted a hearing on Crews's motion to suppress, at which Crews indicated that the trial court could treat her motion as either a motion to suppress or a motion to dismiss. On January 2, 2019, the trial court denied Crews's motion to suppress and/or dismiss. The trial court certified, and we accepted jurisdiction of, Crews's interlocutory appeal.

# Discussion and Decision

Crews contends that the trial court abused its discretion in refusing to dismiss the charge of Level 6 felony battery against a public-safety official. Crews claims only that the charge should have been dismissed because the record

contains no evidence to rebut her affirmative defense that she was resisting an illegal entry into her home by law enforcement.

[4] We review a trial court's ruling on a motion to dismiss a charging information for an abuse of discretion, which only occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances. *An-Hung Yao v. State*, 975 N.E.2d 1273, 1276 (Ind. 2012). Pursuant to Indiana Code Section 35-34-1-4(a), a trial court may dismiss a charging information upon any of the following grounds:

> (1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.
> (2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.
> (3) The grand jury proceeding was defective.
> (4) The indictment or information does not state the offense with sufficient certainty.
> (5) The facts stated do not constitute an offense.
> (6) The defendant has immunity with respect to the offense charged.
> (7) The prosecution is barred by reason of a previous prosecution.
> (8) The prosecution is untimely brought.
> (9) The defendant has been denied the right to a speedy trial.
> (10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.
> (11) Any other ground that is a basis for dismissal as a matter of law.

[5] We have little trouble concluding that the trial court correctly denied Crews's motion to dismiss. First, Crews did not file the mandatory written motion to dismiss citing the particular grounds, requesting orally that her motion to suppress also be treated as a motion to dismiss. *See* Ind. Code § 35-34-1-8 ("A

motion to dismiss an indictment or information under section 4 of this chapter shall be in writing.").  At the very least, Crews's oral motion to dismiss the charging information was procedurally improper.

[6]     More fundamentally, even if Crews *had* filed a proper motion to dismiss, it would have been based on improper grounds.  Crews's argument that the State failed to rebut her affirmative defense is an argument directed at the sufficiency of the evidence admitted at a trial, and we have made it clear that "[a] hearing on a motion to dismiss is not a trial of the defendant on the offense charged." *State v. Y.M.*, 60 N.E.3d 1121, 1126 (Ind. Ct. App. 2016), *trans. denied*. "Whether an individual has a statutory defense to the charges in an information goes beyond the issues that may be decided by a motion to dismiss and instead is a matter to be decided at trial." *Ceaser v. State*, 964 N.E.2d 911, 918–19 (Ind. Ct. App. 2012), *trans. denied*.  Because the question of whether the State has sufficiently rebutted Crews's affirmative defense is for trial, any claim of that type is premature at this pre-trial stage of Crews's case.  Crews has failed to establish that the trial court abused its discretion in denying her motion to dismiss.

[7]     We affirm the judgment of the trial court.


Vaidik, C.J., and Riley, J., concur.